Powers v. Kueckhoff.

---

JAMES C. POWERS, Defendant in Error, v. CASPAR H. KUECKHOFF, Plaintiff in Error.

1. *Practice—Pleading—Replication.*—By the Practice Act of 1855, no replication to an answer was required to be filed unless the answer pleaded a set-off or counter-claim—R. C. 1855, p. 1233.
2. *Mortgage—Deeds of Trust—Trustees' Sales.*— Sales by trustees under the powers contained in deeds of trust executed to secure an indebtedness must be made with precision. The notice given by the trustee should contain such facts as reasonably to apprise the public of the place, time and terms of sale, and of the property to be sold; but mere omissions and inaccuracies in these respects not calculated to mislead, and working no prejuice, will not be regarded. A notice stating that the property would be sold for cash, at the court-house door in the town of Hillsboro, but omitting to name the county and that the property would be sold to the highest bidder at public vendue—*held*, sufficient.

3. *Conveyances—Trustee's Sale—Purchaser—Notice.*—A purchaser at a trustee's sale will not be affected by any previous agreements made between the creditor and debtor, unless he had notice of such agreement before his purchase.

## *Error to Second District Court.*

This was an action brought by defendant in error to recover a tract of land in Jefferson county containing about 134 acres, and damages for timber alleged to have been cut thereon by plaintiff in error. The defendant answered denying that he unlawfully withheld from plaintiff any part of said land, and denying that he was entitled to judgment for any timber cut thereon by defendant; and alleging that the defendant is the legal owner of the following part of the lands described in plaintiff's petition: sixty acres, being the west part of the north-east fractional quarter of section fifteen, and the south fractional half of the south-east fractional quarter of section ten, in township forty one of range five east; that the defendant acquired title to the same from Richard J. Maupin by deed of the 2d day of March, 1857, and has had possession of the same ever since, and denied being in possession of the residue of said lands described in the petition. Defendant further states that plaintiff claims said $134\frac{16}{100}$ acres of land as a purchaser at a trustee's sale made on the 4th of April, 1864, under a deed of trust given by Richard J. Maupin on the 9th of October, 1856, to secure the payment of a note of about eighty dollars to Josiah Craft. The answer set up as a defence, that the sale was not made in accordance with the terms of the deed of trust. The answer further alleged that at the time defendant received his deed for said sixty acres it was expressly agreed by and between Josiah Craft and defendant, that said Richard J. Maupin should pay said Craft $35 on the note secured by the deed of trust, and that thereupon said Josiah Craft should release the deed of trust upon the said sixty acres of said land bought by said Kueckhoff; and that the $35 was paid to said Craft at the time by said Maupin before he executed his deed to said Kueckhoff for said sixty acres, and that Craft

thereupon agreed and promised said Maupin and Kueckhoff that he would credit the note with said $35 and release the deed of trust on the sixty acres bought by defendant.

The evidence of plaintiff tended to prove that Maupin held a patent for the land; that he, on the 9th day of October, 1856, gave a deed to E. T. Honey as trustee, on said land, to secure the payment of a note for $68 to Josiah Craft; that said Craft's administrator afterwards, to-wit, on the ——— of ———, sold the land by said trustee and that the plaintiff bought the same. He offered the notice of sale and trustee's deed in evidence, which were objected to by defendant on the ground that such sale was illegal and void; that no notice of the sale was given; that the notice attached to the deed was insufficient, as it did not definitely state the place of sale, in what county, nor that the land would be sold at public vendue and to the highest bidder. The court overruled the objection and permitted the notice and deed to be read, to which the defendant excepted. That defendant had cut some timber on the land; that the sixty acres bought by the defendant, and the residue seventy-four acres, were each worth at the time of the trustee's sale one hundred dollars. The note of $68 given by Maupin to Craft, having a credit on it of $35, dated the 2d of March, 1856, and afterwards erased, was read in evidence. The administrator of Craft stated he did not know who erased it; he found it so on becoming administrator.

The defendant then read a deed of said Maupin conveying said sixty acres to the defendant, executed in March, 1857, being part of the land in controversy.

Defendant offered evidence tending to prove the agreement between Craft, Maupin and defendant, and that plaintiff had knowledge of the agreement at the date of his purchase.

*Abner Green*, for plaintiff in error.

I. The Circuit Court committed error in admitting the notice of the trustee's sale and deed from the trustee to be read in evidence, as the notice attached to the deed showed

on its face that the trustee had not pursued the power given. A trustee is an agent of both parties, and acts from delegated powers ; it is therefore essential that he should strictly pursue the powers given—Stine v. Wilkson, 10 Mo. 75 ; Thornburg v. Jones, 30 Mo. 514 ; Conway v. Nolte, 11 Mo. 74.

The rule that the recitals in the deed are presumptive evidence that he has complied with the requisites of the law in the sale will not apply to trustees' sales; they are not officers of a court—McCormack v. Fitzmorris, 39 Mo. 24.

II. The Circuit Court erred in not sustaining defendant's motion for judgment on the new matter constituting a counter-claim as alleged in defendant's answer, there being no replication denying the same—R. C. 1865, §§ 12, 13 & 16, p. 659.

*J. L. Thomas*, for defendant in error.

I. This suit was commenced under the code of 1855. No replication to the new matter set up in the answer was necessary, the new matter not constituting a counter-claim— R. C. 1855, p. 1233, §§ 15, 16 & 17 ; 37 Mo. 443.

II. The recitals in the deed of the trustee to Powers are *prima facie* evidence that the terms of the deed of trust were complied with—39 Mo. 443 ; id. 24.

III. The notice of the time, terms and place of sale were definite enough. The deed of trust did not require that notice should contain certain things, but merely provided that it should specify the terms, time and place of sale. The deed then went on to appoint the mode and manner of the sale. The case in 21 Mo. 313, is conclusive upon this point. The notice here recited the date and page of record of the deed of trust, and then stated the land described in the deed of trust would be sold at Hillsboro for cash in pursuance of the terms of the deed. The land lay in Jefferson county ; Hillsboro, a small town, was in Jefferson county ; the deed of trust was recorded in Jefferson, and when the notice informed the public that this land would be sold at the court-

house door in the town of Hillsboro, it appears this ought to be sufficient to inform every one of " the place of sale."

IV. As to the release of the sixty acres in controversy by Craft the evidence is too vague to affect Powers, who never had any notice of such release until after the sale under the deed of trust.

WAGNER, Judge, delivered the opinion of the court.

The objection urged by the plaintiff in error, that judgment should have been rendered in his favor because there was no replication to his answer in the court, cannot be sustained. The proceeding was commenced under the practice act of 1855, and must be conducted in accordance with its provisions, and as the answer contained no counter-claim or set-off, no replication was necessary under that act.

The next point, and the principal one in this case, is as to whether the notice of sale given by the trustee was sufficient, or whether the title of the defendant in error is affected by means of any informality in it. The deed of trust empowers the trustee to sell the premises, or any part thereof, " at public vendue, to the highest bidder, at the court-house door in the town of Hillsboro, in said county (Jefferson), for cash, first giving twenty days' public notice of the time, terms and place of said sale, and of the property to be sold, by six advertise-ments put up in six public places in different parts of the county." The notices put up by the trustee contained the following: " Now at the request of the legal holder of said note, I will, on Monday, the 4th day of April, 1864, at the court-house door in the town of Hillsboro, and between the hours of nine o'clock in the forenoon and five o'clock in the afternoon of said day, sell said real estate for cash in hand for the purpose of paying said note." It is now insisted that because the notices did not strictly and literally pursue the directions in the deed in designating Hillsboro as in Jefferson county, and stating that the property would be sold at " public vendue " to the " highest bidder," the sale was void and no title passed under it to the grantee.

28—XLI.

The greatest impartiality and good faith are required of trustees, and, as they are invested with the extraordinary power of transferring one man's property to another, they must pursue their authority with precision to render their acts valid. The notice given by them should contain such facts as reasonably to apprise the public of the place, time and terms of sale, and the property to be sold. But mere omissions and inaccuracies in these respects, not calculated to mislead and working no prejudice, will not be regarded —Gray v. Shaw, 14 Mo. 341; Beattie v. Butler, 21 Mo. 313. We do not think that any injury could have resulted because the trustee in his notice omitted to describe Hillsboro as in Jefferson county. He had just stated that the land was situated in Jefferson county and that the sale would take place at the court-house door in the town of Hillsboro: it was well known to every body who read the notice that that town was the county seat, and that the court-house was there. The notice imparted the requisite information as to place. As to the failure to state that the sale would be at public vendue and to the highest bidder, we think that of itself is not sufficient to justify us in declaring the proceeding void. The notice stating that the property would be sold for cash at the court-house door would lead to the presumption that it was to be set up at public auction to the highest bidder. And although no legal intendment is made in favor of a sale by a trustee as in case of sheriff's sales on execution, yet we are inclined to consider the acts of the trustee in this case sufficient until it be shown that injury resulted as a consequence. It has been held that notice of sale at "city hall" or "merchants' exchange" is good, as by usage such sales take place at the rotunda of those buildings; but to be good they must take place at the rotunda—Hornby v. Conner, 12 How. Prac. 490. Public policy as well as the stability of rules of property demand that sales and titles founded thereon should not be avoided, for slight and trivial reasons; but where the power has not been executed in accordance with essential conditions, the sale and deed will be held to be utterly void,

both at law and in equity—Stine v. Wilkson, 10 Mo. 75; Thornburg v. Jones, 36 Mo. 514; Jackson v. Clark, 7 Johns. 217; Miller v. Hull, 4 Denio, 104; King v. Buntz, 11 Barb. 192; Sherwood v. Reed, 7 Hill, 431; Dana v. Farrington, 4 Minn. 433.

The evidence is clearly insufficient to show that Powers was ever impressed with notice of the arrangement entered into between Craft and Maupin for the release of the deed of trust on the sixty acres of land till after he purchased at the trustee's sale, and as the question was submitted to the court its finding will not be interfered with.

Judgment affirmed. The other judges concur.