EITELGEORGE, *Plaintiff in Error,* v. THE MUTUAL HOUSE BUILDING ASSOCIATION.

1. **Deed of Trust:** PREMATURE SALE. A sale made by a trustee in the execution of a deed of trust before the occurrence of the event, upon the happening of which he is authorized to sell, is void.

2. **Trustee's Statements, as evidence against cestui que trust.** Statements made by a trustee cannot be treated as admissions of the *cestui que trust,* and are not binding upon the latter unless made by his authority.

3. **Estoppel.** There is no estoppel unless the party to be estopped has made some statement, or has done some act upon which the other party has been induced to rely, and in consequence of which he has taken some action.

*Error to Jackson Circuit Court.*—HON. SAM'L L. SAWYER, Judge.

*Ballingal & Gwynne* for plaintiff in error.

*Dunlap & Freeman* for defendant in error.

NORTON, J.—The petition in this case substantially alleges that Mittie E. Benton and William A. Benton, her husband, were owners of certain real estate in Kansas City, which, on the 21st day of January, 1874, was conveyed by them to J. F. Allen, to secure a promissory note of said Benton to the defendant for about $880, payable in monthly installments; that it was provided in said deed that in the event of the failure of Benton to pay any of said installments for three months after the same became due, the whole debt should become due, and the trustee be authorized to sell said real estate at public vendue for cash. It is also alleged that on the 28th day of January, 1874, the said M. E. and W. A. Benton executed a deed conveying the same real estate to G. F. Ballingal, in trust to secure the payment of a note executed by said Benton to plaintiff, for the sum of $906 ; that on the 20th day of March, 1874, Allen, the trustee in the first mentioned deed, advertised said real estate, and on the 9th day of April, 1874, sold the same at public vendue, and that defendant, through its president, became the purchaser for the sum of $3,000, and that the trustee executed a deed to defendant therefor. It is also alleged that of the purchase money remaining after the payment of the debt secured in the deed of trust, there was the sum of $2,200, and asks that the debt secured in the deed of trust to Ballingal be paid out of said surplus. It is also alleged that on the 8th day of September, 1874, said W. A. Benton, for value, transferred and assigned all his right and interest in the proceeds of said sale to plaintiff, and judgment is prayed for the same.

The answer contains a specific denial of the allegations of the petition, except as to the execution of the deed of trust to Allen of date January 21st, 1874.

On the trial of the cause, the petition was dismissed and judgment was rendered for defendant, which we are asked to review, chiefly on the ground that defendant is estopped from denying the validity of the sale made by

Allen on the 9th day of April, 1874, and that the judgment is against the evidence.

It is agreed that the evidence showed the following state of facts:   Benton and wife made the deed of trust to Allen as set out in the petition.   Plaintiff had a deed of trust on the same property second to said first mentioned deed of trust for $906.   At the request of the board of directors of defendant, Allen, trustee, advertised and sold on the 9th day of April, 1874, the premises described in the petition and in said deeds of trust, at which sale de-fendant, through its president, Askew, bought said property at the sum of $3,000.   The note secured to be paid by said deed of trust amounted at the time of sale to $640. No deed was made by the trustee to defendant.   On the day of the sale, or the day after, the trustee, Allen, told plaintiff that defendant bought the property at $3,000, and that plaintiff's deed of trust was cut out.   On the 21st day of April, 1874, said sale was reported to the board of di-rectors of defendant at a regular meeting thereof, and they were informed that the association had bought the prop-erty at $3,000.   At said meeting said board appointed a committee to confer with Benton, and endeavor to get him to take a lease of said property from said association, as said association had bought the same at said sale.   In May, 1874, said committee reported to the board at a reg-ular meeting thereof, that Benton declined taking a lease, giving as a reason that the sale was invalid.   In July, 1874, said board of directors authorized the institution of an action of ejectment against Benton, to recover possession of said property, by virtue of the title required by said as-sociation at said sale.   The said action was instituted in July, 1874, but was afterwards dismissed by the association in May, 1875, the dismissal thereof having been directed, in fact, September 6th, 1874.   Defendant claimed title to said property by virtue of said sale up to September 6th, 1874. From that date defendant believed the sale to be invalid. On September 8th, 1874, plaintiff, asked Askew and Allen

to pay him the surplus so assigned to him, having previously, about July, 1874, asked them for so much of the surplus as would pay his note. On or about the 20th day of September, 1875, defendant sold said property under a deed of trust, executed by Benton and wife to defendant, and dated 1870, and bought the same at such sale for the amount of its debt.

It clearly appears from the face of the petition, as well as from the deed of trust made to Allen, that as trustee 1. DEED OF TRUST: his power to sell was dependent on the fact premature sale. that Benton, the maker of the note secured in said deed, should be in default for at least three months in paying any installment due on said note. The existence of such default was a condition precedent to the power of the trustee to sell. It also appears from the petition, as well as from the evidence, that the sale was made by the trustee, on the 9th day of April, 1874, twelve days before a default of three months could possibly have occurred on the part of Benton in the payment of any installment on the note. From these undisputed facts we are justified in declaring that such sale was void, because when the power conferred in a deed has not been executed according to essential conditions, the sale and deed will be held to be void, both at law and in equity. *Powers v. Kueckhoff*, 41 Mo. 425; *Koehring v. Muemminghoff*, 61 Mo. 403; Hill on Trustees, 746, 748.

It is, however, insisted by counsel that even although said sale was void, defendant cannot be heard to dispute its validity, because, by the acts and admissions of defendant, plaintiff relying thereupon, was induced to neglect his interest in the deed of trust securing his debt, and to purchase the interest of Benton, the mortgageor, in the surplus proceeds of said sale, by reason of which an estoppel *in pais* was created. It is a settled principle that when one party in dealing with another by his acts and words causes or induces him to believe in the existence of a certain state of things, and induces him to act on that belief so as to

alter his own previous condition, he will be concluded from averring or proving anything to the contrary against the party so altering his condition. So a party making admissions which have been acted upon, or which have been made to influence the conduct of another, or to derive some advantage to the party making them which cannot afterwards be denied without a breach of good faith, will be bound by them. Before, however, such admissions can be binding on the party making them, they must have been acted upon by the party to whom they were made. 1 Greenl. Ev., §§ 27, 207; *Chouteau et al., v. Goddin et al.*, 39 Mo. 250. Before plaintiff can claim the benefit of this rule he must show that some admission was made or acts done by defendant upon which he acted, and that such action was induced by them. This he has not done.

The only statement made to plaintiff was that of the trustee, Allen, the day after the sale, to the effect that defend-

2. TRUSTEE'S STATE-ant had bought the property for $3,000, and MENTS, AS EVI-DENCE AGAINST that plaintiff's claim was cut out. This state-CEST UI QUE TRUST. ment cannot be held as an admission of defendant, because it does not appear that Allen was an officer of defendant's company, or made it by authority.

And while the evidence shows that a report was made to the board of directors, on the 21st day of April, 1874,

3. ESTOPPEL. that the association had bought the property at $3,000, and that a committee was appointed to get Benton to take a lease on the property sold; it also shows that Benton, in May, 1874, refused to take such lease because he insisted that said sale was invalid; thus showing a repudiation by Benton of the sale in about one month after it took place, and four months before he assigned his right to the proceeds of sale, the validity of which he had so refused to recognize. And while the evidence shows that the defendant afterwards, in July, instituted suit in ejectment to recover possession of the property, it also shows that the suit was abandoned on the 6th day of September, 1874, and that on the 20th day of September, 1874, the

property, after having been advertised for sale at least twenty days prior thereto, was sold to defendant under a deed of trust executed in 1870; also, that defendant, in July, 1874, had refused, through its president, Askew, to pay plaintiff the amount of his debt secured by the deed of trust to Ballingal January 28th, 1874. It thus appears that, in the only direct interview which, as shown by the evidence, ever took place between plaintiff and defendant, the sale was repudiated by defendant in his refusal to pay over to plaintiff a sufficient amount of the surplus of said sale to satisfy his debt.

This warning, in connection with the fact that no deed was ever executed by Allen to the defendant, and the fact that the sale was pronounced invalid in July by Benton, plaintiff's assignor of the proceeds of the surplus of the sale, and the withdrawal by defendant of any implied admission which might have been inferred from acts recognizing the sale in his abandonment of the ejectment suit on the 6th day of September, 1874, two days before the assignment was made under which plaintiff claims, and the advertisement of the property for sale in September, eight days before such assignment, was sufficient notification to plaintiff that Benton's claim was disputed, and that if he bought he would buy at his peril.

Besides this, it nowhere appears in the evidence that plaintiff relied upon, or was induced to take any step that was taken by him, either on the direct or implied admissions of defendant, and hence the rule invoked by him has no application to the facts of the case. We are, therefore, of opinion that the judgment of the court below should be affirmed, which, with the concurrence of the other judges, is done.

AFFIRMED.