HIRAM SMITH, JR., Appellant, v. J. T. ROACH *et al.*, Respondents.

#### Kansas City Court of Appeals, November 5, 1894.

1. **Trial Practice**: NON EST FACTUM: BURDEN OF PROOF. A plea of *non est factum* to an action on a note imposes the burden on plaintiff of proving the execution of the note.

2. **Estoppel**: CHANGING CONDITION: SILENCE. There is no estoppel unless the party to be estopped has said or done something upon which the other party has been induced to rely and to take some action; and the failure of the defendant in this case to deny the execution of the note sued on when notified by the payee that he had sold the note to the plaintiff, does not estop the defendant to deny the the execution since plaintiff had already purchased the note.

*Appeal from the Clinton Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*Thos. E. Turney* for appellant.

(1) The defendant Close is estopped to deny his liability upon the note sued on. *Acton v. Dooley*, 74

Mo. 63-67, and cases cited. His silence, whether so intended or not, was a fraud upon the plaintiff and his assignor. *Bales v. Perry*, 63 Mo. 449-453, and cases cited. It had the effect of misleading the plaintiff. *Press Brick Co. v. Newmeister*, 15 Mo. App. 592; *Conrad v. Fisher*, 37 Mo. App. 352. The notice was equivalent to a direct inquiry as to his liability upon the note and his silence was equivalent to a direct admission that he was liable. (2) Receiving the notice in January the defendant says nothing until about the first of May, nor until the man he now claims signed his name to the note without authority had fled the country. If not guilty of actual fraud he was guilty of such gross negligence as is equivalent to it. Wharton on Negligence [1 Ed.], sec. 22. Whittaker's Smith on Negligence, [1 Am. Ed.], pp. 2, 24. But, when one of two innocent persons must suffer, the loss must fall on him whose negligence caused it. 24 Mo. App. 76-81.

*M. B. Riley* for respondent.

(1) The execution of the note having been denied under oath, it was not admissible in evidence without proof of execution. R. S. 1889, sec. 2186. The burden of proving the execution of the note by Close was on the plaintiff. *Bank v. Snyder*, 10 Mo. App. 211. The note having been assigned to appellant before defendant had notice of its existence, defendant is not estopped to deny his signature. 7 Am. and Eng. Encyclopedia of Law, pp. 12-20; Teideman, Com, Paper, sec. 281; *Eitelgeorge v. Building Ass'n*, 69 Mo. 52; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63.

GILL, J.—This is an action on a negotiable promissory note for $150, dated January 24, 1893, due four

months after date, and purporting to be signed by J. T. Roach, Benj. Everett and Charles Close. On the second day after date of the note the payee, Cornish, for value, sold and assigned the same to plaintiff Smith.

The action was dismissed as to defendant Roach, he not being served. Defendants Everett and Close, in there answer verified by affidavit, denied the execution of the instrument sued on. The issue was tried before the court sitting as a jury, resulting in a finding and judgment for defendants, and plaintiff appealed.

The plea of *non est factum* interposed by defendants Everett and Close, and supported by affidavit as required by the statute, imposed the burden on plaintiff of proving that said defendants executed the note. In this the plaintiff wholly failed; the evidence was all to the effect that these defendants did not sign said instrument, and that it was a forgery.

The plaintiff, however, sought to recover on the ground that these defendants were estopped to deny the execution of the note. The testimony giving color to this claim was to this effect: That within a day or two after plaintiff had purchased the note from Cornish, the defendants were, by letter from Cornish, informed of that fact and that plaintiff held the note, and that they made no answer to such notice until a few months thereafter.

This evidence proved no estoppel. It is clear that before this notice was served on these defendants, the plaintiff had already purchased the note from Cornish. He was not, then, induced to part with any money nor induced to change his position, by the alleged silence of the defendants. The rule is well established that there is no estoppel unless the party to be estopped has made some statement, or has done some act upon which the other party has been induced to rely, and in

consequence of which he has taken some action. *Eitelgeorge v. House Bld'g Ass'n*, 69 Mo. 52; *Spurlock v. Sproule*, 72 Mo. 504; *Acton v. Dooley*, 74 Mo. 63, 67.

The judgment here is clearly for the right party and will be affirmed. All concur.