WILLIAM B. WATTS et al., Respondents, v. FIRE ASSOCIATION OF PHILADELPHIA, Appellant.

St. Louis Court of Appeals, January 29, 1901.

1. Contract of Insurance: ASSIGNMENT OF POLICY. In the case at bar, the contract of insurance expressly provides that should Johnson part with his title to the property insured or assign the policy before loss, the policy as to him should become void, so that after the conveyance by Johnson to plaintiff, he held no interest in the policy to assign, nor could he have made an effectual assignment of the policy without the assent of defendant.

2. ——: ——: ESTOPPEL. In the case at bar, there are wanting essential elements of estoppel; plaintiffs were not influenced in their conduct by misrepresentations, did not act upon them, and in no respect changed their condition in reference to the policy, the note or trust deed, by reason thereof.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fyke, Yates, Fyke & Snider* for appellants.

(1) The sale and transfer of the insured property by Johnson, the insured, to plaintiff Watts, without defendants' knowledge or consent, avoided the policy. Ins. Co. v. Hauslein, 60 Ill. 521; Bank v. Ins. Co., 11 Pac. 798; Gibb v. Ins. Co., 61 N. W. 137; Cottingham v. Ins. Co., 14 S. W. 417. (2) The policy was void as to the insured. Under the mortgage clause the policy was valid so far as the mortgagee was concerned, and the defendant was liable to the mortgagee for the amount of the debt and interest. Defendant paid the whole debt and interest to the mortgagee, and took an assignment of the note and deed of trust. It thereby became subrogated to all the rights of the mortgagee, and entitled to have a foreclosure of the mortgage or deed of trust. Dick v. Ins. Co., 81 Mo. 103; Dick v. Ins. Co., 10 Mo. App. 576; Burnham v. Ins. Co., 75 Mo. App. 394.

BLAND, P. J.—The suit is for the delivery up and cancellation of a deed of trust and note, and a cross-action by defendant to foreclose the deed of trust.

The petition alleges the ownership, in 1897, of a parcel of land in Howell county, Missouri, by C. G. Lewellin and

wife. The execution by Lewellin and wife, on February 19, 1897, of their promissory note to Amos T. Smith for $225 and a deed of trust on the parcel of land (one and one-half acres), to secure the note. A conveyance of the land by Lewellin and wife on September 22, 1897, to Jacob E. Johnson, and an assumption by Johnson of the payment of the note of $225. The issuance by the defendant to Johnson on December 22, 1897, of a policy of insurance against loss by fire on dwelling house situated on the land to run for three years. That one of the conditions of the policy was that in case of loss by fire the defendant should pay the loss to Amos T. Smith as his interest might appear. The purchase of the land on January 23, 1899, by plaintiffs of Johnson and that plaintiffs assumed to pay the aforesaid note and mortgage. The payment of accrued interest on the note to Smith by plaintiff to February 19, 1899. An agreement by Johnson to transfer the policy of insurance to plaintiff. A failure on the part of Johnson to make the assignment. A total loss of the premises insured on February 23, 1899, by fire, an adjustment of the loss by John Trent, adjustor of defendant, and a payment to Smith by defendant of $225 and interest, the full amount due on the note. A request by plaintiffs to Smith for a surrender to them of the note and deed of trust and a demand that he satisfy the record of the deed of trust, accompanied with the tender of the legal fee for entering the same. A refusal on the part of Smith to surrender the note and deed of trust or to enter satisfaction of record, an assignment of the note and deed of trust by Smith to the defendant, at the time of the payment of the fire loss, an averment that defendant claims to be the legal owner and holder of the note and deed of trust, by virtue of said assignment and claims the right to be subrogated to the rights of Smith in and to the trust deed. Alleges that Smith and

Trent entered into a conspiracy to cheat and defraud the plaintiffs and that Trent, agent for defendant, had attempted to sell and assign the note and deed of trust. The prayer is that the note and deed of trust be cancelled and that defendant be divested of all his rights thereunder and for ten per cent damages.

The answer admitted the original ownership of Lewellin of the land, the execution by them of the note and mortgage; the conveyance to Johnson; the issuance of the fire policy to him; the conveyance by Johnson of the land to plaintiff; the loss by fire and the payment to Smith of the full amount due on the note and the assignment of the note and trust deed by Smith to it. Denied all other allegations. For its cross-action defendant, after setting out the several conveyances mentioned in the petition, the issuance of the policy, loss by fire and the assignment of the note and trust deed to it by Smith, alleged the following: "That at the time said policy was issued there was attached thereto, and made a part thereof, a mortgage clause whereby the loss or damage, if any, under said policy was made payable to said Amos T. Smith as his interest may appear, and it was therein provided that said insurance, as to the interest of said mortgagee, only, therein should not be invalidated by any act or neglect of the mortgagor or owner of said property nor by any change in the title or ownership of said property, and it was also provided in said mortgage clause that whenever this company shall pay the mortgagee any sum for loss or damage under said policy and should claim that as to the mortgagor or owner no liability therefor existed, this company should to the extent of said payment be thereupon legally subrogated to all the rights of the party to whom such payments should be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee the whole principal due or to grow

due on the mortgage with interest, and should thereupon receive a full assignment and transfer of the mortgage and of all such other securities."

The defendant alleges that it was provided in said policy of insurance among other things as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon and added hereto, shall be void if any change other than by the death of the assured take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured or otherwise."

Defendant alleges that after said policy was issued and before the fire herein referred to, the said J. E. Johnson sold and conveyed said property to the plaintiffs herein, whereby a change took place in the interest, title and possession of the subject of insurance, and provision therefor was not indorsed upon said policy. That after said conveyance by said J. E. Johnson to plaintiffs, and, to-wit, on the twenty-third day of February, 1899, said dwelling house was destroyed by fire. That this defendant claimed that it was not liable to said J. E. Johnson under said policy by reason of the aforesaid conveyance, and defendant alleges that there was no liability upon its part under said policy to the said J. E. Johnson, but that it was liable to pay to said Amos T. Smith the amount of his mortgage indebtedness under the mortgage clause, hereinbefore referred to, attached to said policy. The defendant alleges that after said fire, to-wit, on April 10, 1899, it paid to said Amos T. Smith the amount of said indebtedness, the full amount at the time due thereon, to-wit, the sum of $227.50, and the said Amos T. Smith at its request and pursuant to the terms and conditions of said mortgage clause attached to said policy, assigned and transferred to defendant said note and deed of trust so that defendant now is the legal owner

and holder thereof, and entitled to recover the amount due thereon.

Defendant alleges that in the conveyance hereinbefore referred to from Clark G. Lewellin and wife to J. E. Johnson, the said J. E. Johnson assumed and agreed to pay said note; and in the conveyance from said J. E. Johnson to the plaintiffs herein, the plaintiffs assumed and agreed to pay said note, and closed with a prayer for foreclosure of the deed of trust.

The evidence is that Johnson agreed to assign the policy to plaintiff. That J. C. Kirby of West Plains was the agent of defendant with authority to issue its policies of insurance and to consent to assignments thereof in proper cases. That both Johnson and plaintiff, W. B. Watts, went to his office for the purpose of having the policy transferred to Watts, but either found him busy or absent from his office and that he was never asked by either to allow the assignment to be made. The evidence further is that Trent, the adjuster of defendant, had a conversation with plaintiff, W. B. Watts, when he was adjusting the loss, in which he told him that the note would be paid by the defendant, but that it could not pay the balance ($75) to him for the reason the policy had not been assigned to him, but that he would save his lots free and have that much out of the wreck. Watts made no claim to the $75 balance on the policy after the payment of the note. The learned trial judge found for the plaintiff and entered judgment cancelling the note and deed of trust. Defendant appealed.

There is no conflict in the evidence as to any material issue made by the pleadings. The mortgage clause in the contract of insurance is correctly set out in the cross-bill. All the facts which entitled the defendant to an adjustment of the note and deed of trust are admitted by the pleadings. And the defendant is entitled to recover on its cross-bill, unless the right is defeated by some equitable interest acquired by Watts

from Johnson in the policy or unless the defendant is estopped by its conduct to assert its rights under the mortgage clause of the contract of insurance.    Allen v. Fire Ins. Co., 132 Mass. 480; Ulster Co. v. Savings Inst. v. Leak, 73 N. Y. 161; Dick v. Franklin Fire Ins. Co., 10 Mo. App. 376; s. c., 81 Mo. 103. The contract of insurance expressly provides, that should Johnson part with his title to the property insured or assign the policy before loss, the policy as to him should become void, so that after the conveyance by Johnson to plaintiffs, he had no interest in the policy to assign, nor could he have made an effectual assignment of the policy without the assent of the defendant.    There is nothing, therefore, in his agreement to assign upon which plaintiffs can base any equitable interest in the policy.

In respect to the promise of Trent to plaintiff W. B. Watts, that the defendant would pay off the note and plaintiffs would have their lots free, there is wanting essential elements of estoppel—plaintiffs were not influenced in their conduct by the representation, did not act upon it and in no respect changed their condition in reference to the policy, the note or trust deed by reason thereof.    There was no estoppel, nor is there one pleaded.    Noble v. Blount, 77 Mo. 235; Eitelgeorge v. Mutual House Building Association, 69 Mo. 52; Porter v. Ins. Co., 62 Mo. App. 520.

On the pleadings and undisputed evidence the judgment should have been for defendant on its cross-bill.    Wherefore, the judgment is reversed and the cause remanded with directions to the circuit court to render judgment on the cross-bill in accordance with the views herein expressed.    All concur.