Vivian **WARREN**, Appellant,

v.

**GOVERNMENT NATIONAL MORT-GAGE ASSOCIATION et al.,**
Appellees.

No. 71–1109.

United States Court of Appeals,
Eighth Circuit.

June 10, 1971.

Harvey L. McCormick, Kansas City, Mo., for appellant.

Charles F. Crews, Kansas City, Mo., for appellees.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by plaintiff Vivian Warren from order dismissing without prejudice her complaint against Government National Mortgage Association, et al., (GNMA), upon the ground that the court should have abstained from taking jurisdiction.

Plaintiff was the owner as Tenant by Entirety with her husband whose whereabouts are unknown, of a home at 4501 Michigan, Kansas City, Missouri. This property was encumbered by a deed of trust owned by GNMA. Such deed provided that upon default in payment the holder could request the trustee to foreclose and that upon such request, the trustee under VAMS § 443.290, et seq., could sell the property at public sale by fixing and advertising in prescribed newspapers the time and place of public sale without resort to court proceedings. Plaintiff was in default on payments and was notified by GNMA that it was electing to declare the entire balance due and demand was made for payment of the entire amount due. Plaintiff concedes that the statutory provisions for sale were complied with but challenges the constitutional validity of the Missouri statues which authorize a foreclosure sale without notice and hearing.

Plaintiff seeks injunctive relief and a declaratory judgment declaring that the foreclosure of her title and interest in the encumbered property was unconstitutional and void. She also asserts that VAMS § 443.410 and related statutes are unconstitutional as violative of the Fifth and Fourteenth Amendments to the United States Constitution in that the procedures authorized by statute deprive plaintiff of her interest in the real estate without due notice and adversary hearing.

At a pretrial conference, the trial judge expressed the view that the doctrine of abstention should be applied. Plaintiff's counsel agreed and stated that he would file a suit in the state court. Shortly thereafter on the basis of State of Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), plaintiff filed a motion to resume proceedings in the federal court. The court, in its order dismissing the motion, distinguished this case from *Constantineau.*

We agree with the trial court's view that this case can be distinguished. A federal court decision on a Wisconsin law authorizing the posting in liquor outlets of the names of excessive drinkers who would be denied purchase privileges has far less impact upon the public interest than one upsetting titles to many tracts of real estate. As the trial court aptly observed:

"If there is any merit in the plaintiff's position, the matter is most serious. This Court can take judicial notice that many thousands of titles to Missouri real estate have a trustee's deed after foreclosure in their chain of title. This simple, speedy, and relatively inexpensive method of foreclosure has been used to almost the complete exclusion of the more expensive and time-consuming foreclosure by suit in the circuit court.

\* \* \* \* \* \*

"\* \* \* Not only would a number of property owners be adversely affected, but all building and loan and other lending institutions which loan money on real estate, as well as title insurance companies, would have foreseeable problems of magnitude. \* \*"

The statute in question was last construed by the Missouri Supreme Court in 1941. Homan v. Connett, 348 Mo. 244, 152 S.W.2d 1053. In view of the developments which customarily occur in

the law of a state within the span of thirty years, we hesitate to conclude that the Missouri Supreme Court would today construe this statute in the same manner it did in 1941. While the District Court based its abstention upon other grounds than these, we do not believe that it abused its discretion in reaching the result that it did.

■ We recognize that the doctrine of abstention is to be applied "only in narrowly limited 'special circumstances.'" Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444 (1967). One of these circumstances, however, arises when the issue of state law is uncertain as we believe it to be in this case. Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

The Supreme Court in City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959), stated:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. * * * That is especially desirable where the questions of state law are enmeshed with federal questions. * * * Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty— certainly for a federal court. * * * In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily."

In Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), the Supreme Court reversed a judgment invalidating a state law which prohibited railroads from discontinuing service without permission of the state Public Service Commission. As a basis for its decision, the Court states:

"Equitable relief may be granted only when the District Court, in its sound discretion exercised with the 'scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts,' is convinced that the asserted federal right cannot be preserved except by granting the 'extraordinary relief of an injunction in the federal courts.' Considering that '[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies,' the usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case. Whatever rights appellee may have are to be pursued through the state courts."

Id. at 349–350, 71 S.Ct. at 768.

■ We believe, however, that it is improper for the trial court to dismiss the complaint. The better practice is for the federal court to retain jurisdiction. Zwickler v. Koota, supra, n. 4; Coleman v. Ginsberg, 428 F.2d 767, 770 (2nd Cir. 1970); Chicago, Burlington & Quincy R. Co. v. City of North Kansas City, Mo., 276 F.2d 932, 940 (8th Cir. 1960). See, Fornaris v. Ridge Tool Co., 400 U.S. 41, 44, 91 S.Ct. 156, 27 L.Ed.2d 174 (1971).

We approve of the invocation of the abstention doctrine by the District Court and affirm the judgment in that respect.

We reverse the judgment of dismissal and remand the case to the District Court with directions to retain jurisdiction but stay further proceedings pending the resolution of state law and state constitutional issues by the state court. Plaintiff shall within a reasonable time institute appropriate state litigation to determine the validity of the challenged sale. If plaintiff fails to commence such litigation within a reasonable time or if such litigation is commenced but not

prosecuted with reasonable diligence, the trial court may make such further order as may be appropriate.[1]

Affirmed as to abstention; reversed as to dismissal.

1. Various bases of jurisdiction are asserted in the complaint. Attacks are made upon jurisdiction upon appeal. The record does not show that jurisdictional issues were asserted in the trial court. Some jurisdictional attacks turn on factual determinations which have not been made. We recognize it is our duty to determine jurisdiction whether raised or not. However, since this action is stayed and the possibility exists that the state proceeding may dispose of this litigation, we believe it proper to remand any jurisdictional issues to the trial court for the purpose of making appropriate findings and determinations in event this case is reactivated. The issue of whether a three-judge court will be required to pass on the validity of the statutes here under attack will also require consideration. We express no view on the jurisdictional issues.