342 F.Supp. 1349 (1972)
JOE A. LOGAN and Essie M. Logan, his wife, Plaintiffs,
v.
Barry A. SHORT, in his capacity as a successor trustee for a Deed of Trust executed by Joe A. Logan and Essie M. Logan, his wife, dated May 1, 1970, and recorded in Book 6455, Page 43, in the Office of the Recorder of Deeds, St. Louis County, Missouri, et al., Defendants.
No. 72 C 83(2).
United States District Court, E. D. Missouri, E. D.
April 26, 1972.
Steven R. Edelstein, John R. Forester, David A. Lander, Legal Aid Society, St. Louis, Mo., for plaintiffs.
Barry A. Short, Clayton, Mo., and Charles F. Crews, Kansas City, Mo., for defendants.

MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
By this action plaintiffs seek to set aside a trustee's foreclosure sale held on *1350 September 28, 1971, of certain real estate in St. Louis County, Missouri. They invoke our jurisdiction under Sections 1983, 42 U.S.C. and 1343(3), 28 U.S.C. on the theory that by causing the foreclosure sale defendants thereby deprived plaintiffs, under color of state law, of rights, privileges and immunities secured to them by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States. Defendants have moved to dismiss for lack of jurisdiction and in the alternative ask that we apply the doctrine of abstention.
The following facts appear: Plaintiffs purchased the property in question in the spring of 1970 subject to a purchase money deed of trust which conveyed legal title to the trustee therein with power of sale in the event of default, at the election of the holder of the secured debt. Plaintiffs defaulted in making the required payments and the holder of the deed elected that the trustee advertise the property for sale at foreclosure. The first notice of the sale was by publication on August 31, 1971, in the St. Louis Countian, a newspaper published in St. Louis County. On September 7, 1971, plaintiffs were personally notified by certified mail (received on September 9, 1971) of the impending foreclosure sale. There is no contention that the sale was not held in strict conformity to the contractual provisions of the deed of trust, nor that the contract did not accord with applicable Missouri statutes with respect to deeds of trust.
The complaint levies an attack upon the Missouri statutes, Sections 443.290, 443.310, 443.320 and 444.410, Revised Statutes of Missouri, V.A.M.S., as well as the deed of trust contract, essentially because no judicial hearing is required in either, and because no provision is made for notice to plaintiffs respecting "the nature and meaning" of the initiation of foreclosure notices and foreclosure sales.
In Warren v. Government National Mortgage Association, 8 Cir., 443 F.2d 624, cert. den. 404 U.S. 886, 92 S.Ct. 220, 30 L.Ed.2d 169, the Eighth Circuit held, in considering a similar attack on foreclosure procedures under a Missouri deed of trust, that the doctrine of abstention should be applied in order to afford the state courts an opportunity to resolve the state law and state constitutional issues pertaining thereto. In its opinion, the Court of Appeals noted that the statute in question was last construed by the Missouri Supreme Court in 1941 in Homan v. Connett, 348 Mo. 244, 52 S.W.2d 1053.
Warren was decided June 10, 1971.[1] The present suit was filed February 8, 1972. At the hearing on the motion to dismiss, plaintiffs' counsel stated that he was fully aware of Warren at the time this suit was filed, but nevertheless decided to by-pass the state courts. Plaintiffs seek to justify their disregard of Warren by contending that the "supposition" of the Eighth Circuit that the statute was last construed in Homan overlooks the more recent 1960 case of Euge v. Blase, Mo., 339 S.W.2d 807. The fact is that Euge does not even mention the state statute, and that neither the construction nor the validity thereof was an issue. Euge simply cited Homan to support the statement that ordinarily a mortgagee is not required to give personal notice of a foreclosure sale to the mortgagor. This is a far cry from a consideration or construction of a state statute.
Parenthetically, we note that even the Homan case did not actually involve an attack upon the statute. What was there held was simply that a notice of foreclosure of a mortgage (a deed of trust was not there involved) which complied with the provisions of the mortgage as well as with the statute pertaining to such notices was sufficient, so that personal notice of the sale was not required to be given to the *1351 mortgagor. In effect, all that Homan actually held was that the foreclosure proceeding which was authorized by the mortgage was not contrary to the statute.
Accordingly, we hold, following Warren, that the doctrine of abstention should be applied and that plaintiffs be required to resort initially to the state courts for relief.
The motion to dismiss questions our jurisdiction under Section 1983 and its jurisdictional counterpart, Section 1343(3). The original theory of defendants was that under the Eighth Circuit case of Spears v. Robinson, 431 F.2d 1089, Section 1343(3) has application only if "personal" rights as opposed to "property" rights are allegedly impaired. At the oral argument on the motion, defendants' counsel conceded that in Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 decided March 23, 1972, after the present motion was filed, the United States Supreme Court sustained federal jurisdiction under Section 1343(3) as to both personal and property rights. Nevertheless, the basic question of whether the complaint actually states a true Section 1983 case is not foreclosed by Lynch.
The real jurisdictional question here presented is whether sufficient facts are stated in the complaint to demonstrate that defendants, acting under color of state law, deprived plaintiffs of any constitutional rights. Unquestionably, none of the defendants are state officials. It is seldom that individuals are liable under Section 1983 except in situations in which they acted jointly with state officials. See Adickes v. S. H. Kress Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 42.
In 55 Am.Jur.2d, § 681, it is said that "[t]he power of sale contained in a mortgage is a matter of contract." In foreclosing the deed of trust the present defendants were simply acting under the contract entered into between plaintiffs on the one hand and defendants on the other, which admittedly authorized the procedures followed by defendants. There is a clear distinction between the actions of private individuals pursuant to or in conformity with state law and actions "under color of" state law. Weise v. Reisner, D.C.Wis., 318 F.Supp. 580, 581. In this connection, we note that in their memorandum plaintiffs urge that what they are seeking is "a ruling on the legality of the foreclosure procedure permitted by the law of the State of Missouri under the Fourteenth Amendment to the Constitution of the United States."
The Missouri statutes of which plaintiffs complain simply sanction the procedure of foreclosure without suit, but do not require it. True, they express the public policy of the state permitting parties to enter into contracts such as the one here involved. This policy appears to be general throughout the United States. Cf. Bell Silver and Copper Mining Company v. First National Bank of Butte, 156 U.S. 470, 15 S.Ct. 440, 39 L. Ed. 497. As we view the Missouri statutes in their totality, they are basically intended to be remedial, adopted for the protection of the debtor by prescribing a minimum period for which notice of sale must be given as well as the content of the notice and the manner in which it must be given. As for deeds of trust, a right of redemption is provided for in certain instances. The deed of trust contract may, and often does, provide for a longer notice (as well as for additional requirements which the trustee or holder of the debt must meet). See Kennon v. Camp, Mo., 353 S.W.2d 693, 695.
So far as appears from the complaint, defendants acted strictly in accord with the contractual authority which was granted to them by plaintiffs in the deed of trust. That authority which plaintiffs granted created a right independently of the statutes although in accord therewith. That is, absent the statutes, the right of defendants to foreclose without court action would be precisely the same, inasmuch as the foreclosure *1352 is contractual and not statutory. It has been held in many cases that "[t]he validity of such a contractual power of sale is unquestionable." Scott v. Paisley, 271 U.S. 632, 635, 46 S.Ct. 591, 592, 70 L.Ed. 1123; Curti v. Pacific Mtg. Guaranty Co., 9 Cir., 87 F.2d 42; Gamble v. White, 10 Cir., 56 F.2d 814, 821; 55 Am.Jur.2d § 680; and 59 C.J.S. § 546.
Cases cited by plaintiffs to the effect that procedural due process requires notice and an opportunity to be heard do not involve comparable situations. Thus, the housing authority cases involved state agencies. In addition, the questions there presented were whether a tenant may be evicted from federally assisted public housing projects without adequate notice of the specific reasons for termination of the tenancy and without a hearing at which the tenant is afforded an opportunity to adequately defend against an assigned reason. In the present case, insofar as concerns the alleged right to a hearing, the only issue would appear to be whether or not plaintiffs were in default. Admittedly, such default existed at the time of the foreclosure.[2] And it is to be noted that under Missouri law a foreclosure sale which is not expressly authorized by the deed of trust (as, where there is no default) is absolutely void. See Eitelgeorge v. The Mutual House Building Association, 69 Mo. 52; Powers v. Keuckhoff, 41 Mo. 425; and Long v. Long, 79 Mo. 644. In the Eitelgeorge and Long cases the requisite default not having occurred, the Missouri Supreme Court held the sales were void and conveyed no title.
Insofar as notice is concerned, plaintiffs in the present case were admittedly given almost three weeks actual notice of the time and place of the foreclosure sale of the property so that they are in no position to make any contention based upon the absence of personal notice.[3] Plaintiffs' point seems to be not simply that personal notice of the sale should be given them but that additionally they should be given notice of "the nature and meaning" of the initiation of foreclosure advertisements and of foreclosure sales, that is, that defendants be required to furnish them legal advice with respect to the foreclosure. We find no authority and plaintiffs cite none in support of this proposition.
It would appear from the foregoing that at best, our jurisdiction under Section 1343(3) is extremely doubtful and probably non-existent, by reason of the failure of the complaint to factually allege any action on the part of defendants under color of state law which operate to deprive plaintiffs of a federally protected right. What then should be the proper disposition of the case? The parties have not briefed the foregoing aspect of the jurisdictional issue so that we have concluded we should not make a definitive ruling thereon at this time. Additionally, there is the serious question of whether plaintiffs, with actual notice of the sale and admittedly in default, are proper parties to seek an adjudication such as is sought in Warren.
We are aware that in Warren the Court of Appeals held that although the District Court properly abstained, it should nevertheless retain jurisdiction of *1353 the case pending the determination of the state law and constitutional issues in a state court proceeding instituted by the plaintiff therein. Here, there was no justifiable reason whatever, in light of Warren, for the institution by plaintiffs of the present suit without first having sought relief in the state courts. We have concluded, therefore, in the posture of the present case, in which plaintiffs with full knowledge of Warren and in flagrant disregard of the holding therein, nevertheless filed their action in the federal court, that Warren does not mandate we retain jurisdiction pending any future state court litigation. This is particularly true in view of the questionable jurisdiction in this Court and the standing of plaintiffs. We believe that the better practice to follow under the foregoing circumstances and with due deference to Warren is to dismiss this case without prejudice.
Accordingly it is hereby ordered that this cause be and the same is hereby dismissed without prejudice.
NOTES
[1] In their memorandum counsel for defendants inform us that "state action by Warren was filed and is pending."
[2] The foreclosure itself does not operate to put plaintiffs out of possession. For that purpose court action is required, at which proof of default would be necessary if that were an issue.
[3] See DeJarnett v. DeGiverville, 56 Mo. 440; Swearington v. Swearington, Mo., 202 S.W. 556; Commerce Trust Company v. Ellis, 258 Mo. 702, 167 S.W. 974, 976; and see 55 Am.Jur.2d, § 716, stating that "[t]he object of a notice of sale under a power in a mortgage is to secure the attendance of purchasers and to obtain a fair price for the property mortgaged." We note in passing that the Missouri courts have long followed the general rule as held in both Homan and Euge that personal notice to the mortgagor is ordinarily not required. It is only when the intervention of equity is necessary that personal notice is mandated.