**James J. BEAVER et al., Plaintiffs,**

**v.**

**The BOROUGH OF JOHNSONBURG, a municipal corporation, et al., Defendants.**

**Civ. A. No. 95–72.**

United States District Court, W. D. Pennsylvania.

May 10, 1974.

M. Bruce McCullough, R. A. King, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., Wallace J. Knox, Erie, Pa., for plaintiffs.

Anthony B. Trambley, St. Mary's, Pa., John F. Potter, Erie, Pa., for defendants.

Raymond G. Hasley, Rose, Schmidt & Dixon, Pittsburgh, Pa., for Penntech Paper Co.

## MEMORANDUM AND ORDER

WEBER, District Judge.

Plaintiffs have sued the Borough of Johnsonburg, a municipal corporation, six individuals who are present members of the Borough Council, the present individual members of its Zoning Board and the present Zoning Officer of the Borough.

Plaintiffs allege jurisdiction under the Civil Rights Laws of the United States. 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. § 1343.

The gravamen of plaintiffs' complaint is that the defendants have wilfully failed, neglected and refused to enforce the conditions and restrictions on occupancy permits issued to an industrial concern which allows it to operate a

chipper facility of a pulp paper mill on property within the Borough.

Plaintiffs allege that they have been and are being damaged both in their persons and property by the continued operation of the chipper facility contrary to the restrictions of the permit. This is alleged to result in the taking of plaintiffs' property for the benefit of the owners of the pulp paper mill and the general economic benefit of the residents of the Borough without compensation to the plaintiffs, the owners thereof, contrary to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

The actions of defendants are alleged to violate constitutional and civil rights of the plaintiffs for which redress is provided under the federal Civil Rights Acts. The plaintiffs seek injunctive relief and monetary damages.

Defendants have filed a Motion to Dismiss and Amended Motion to Dismiss, or in the Alternative to Stay Proceedings raising the following objections and defenses:

(1) The complaint fails to state a cause of action.

(2) The court lacks jurisdiction over the subject matter.

(3) The pendency of state court litigation by the same plaintiffs seeking the same relief, which should require either a stay of the present proceedings or dismissal on the doctrine of abstention.

(4) The failure to join in the present proceeding the owner of the pulp paper mill, Penntech Paper Company, as a necessary party in these proceedings under Fed.R. Civ.P. 19.

Both parties have filed extensive briefs and amendments thereto and oral argument has been heard.

■ 1. We find that the complaint does state a valid cause of action. Under 42 U.S.C. § 1983 local zoning boards have been party defendants although these cases have dealt with the re-zoning of the plaintiff's own property, generally from commercial to residential. See Shellburne, Inc. v. New Castle County, 293 F.Supp. 237 [D.Del.1968]. We find that the members of the Zoning Board are persons acting under color of state law and that their action or inaction in the involvement of Zoning Ordinances could cause the deprivation of civil rights.

The defendants claim that there may be a distinction between actions which are in persona vs. in rem or quasi in rem. In Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 [1972], the court held that a deprivation of a property interest is a violation of an individual's civil rights. We find that the defendants' position is a distinction without difference.

■ 2. The defendants argue that the court lacks jurisdiction over the subject matter in that adequate remedies are available to the plaintiffs in the state courts. The only remedy readily available to the plaintiffs in state proceedings would be that of attempting to abate the nuisance. While some of the issues raised in the state proceeding may be similar in nature to those raised by the federal pleading, once it is alleged that the plaintiffs' civil rights have been violated, then federal jurisdiction is established even though an available remedy may exist in the state courts.

■ 3. The defendants have moved to stay the proceedings in federal court pending the outcome of the state court litigation. This question appears to be moot as the Elk County Common Pleas Court has dismissed the plaintiff's case on the grounds of laches, although an appeal is pending from the trial court's ruling. We feel that that state court decision is neither res judicata nor of such similarity to the instant federal civil rights action to stay this federal action pending the outcome of the state court appeal. Nor do we find that the doctrine of abstention is applicable because

the remedies available in a civil rights proceeding in federal court would appear to be more comprehensive than state court remedies and there is no unresolved question of state law.

■ 4. We find that Penntech Paper Company is not an indispensable party but rather a necessary party as those terms have been defined by the courts under Fed.R.Civ.P. 19.

There is no doubt that Penntech is not acting under the color of state law. Had the plaintiffs originally joined Penntech, Penntech could have filed a motion to dismiss as no cause of action can exist against Penntech under 42 U. S.C. §§ 1983, 1985. If the facts show that a nuisance exists and that this nuisance is caused by Penntech's failure to comply with the zoning variance and that the Zoning Board refuses to enforce the zoning laws, then this court has various remedies at its disposal. The plaintiffs have asked for an injunction restraining Penntech from the operation of its plant until it complies with the Zoning Ordinances. The plaintiffs have also asked for relief in the nature of forcing the Zoning Board to enforce its Zoning Ordinances and, in the alternative, the plaintiffs have asked for monetary damages for the reduction in the fair market value of their property caused by the failure of the Zoning Board to enforce its Zoning Ordinances. We find that Penntech is a necessary party in that its interests may be affected by the court's ruling if the proof so establishes liability, but not an indispensable party in that alternatives are still available to the court which would not affect Penntech's interest. It should be noted that at trial the defendants would be free to call any officers of Penntech in an attempt to establish that Penntech has complied with all the Zoning Ordinances, and therefore the Zoning Board would have been said to have properly enforced the Zoning Ordinances. If the plaintiffs carry their burden of proof showing that ordinances have been disregarded in dealing with Penntech and

that Penntech is in violation of those ordinances, then the matter can be determined on the merits without Penntech being named a party to this action. Penntech may wish to intervene and it does not appear on this record that the other parties have any objection to this. We conclude that Penntech is necessary but not indispensable and, therefore, the complaint will not be dismissed for failure to join an indispensable party.

### On Motions to Dismiss, to Strike and for More Definite Statement

Plaintiffs, the owners of property used for residential purposes, originally brought suit against the Borough of Johnsonburg and various officers of the borough on an allegation of violation of civil rights. Jurisdiction was asserted under 42 U.S.C. §§ 1983 and 1985. The gravamen of the complaint was that the borough and the individual officers named have wilfully failed, neglected and refused to enforce the conditions and restrictions on an occupancy permit issued by the borough to an industrial concern. The permit allows the concern to operate a chipper facility of a paper pulp mill on property within the borough. The chipper facility is adjacent to plaintiffs' property and its continued operation in violation of the permit requirements is alleged to injure the plaintiffs in the full enjoyment of their property.

The original complaint was sustained by our Memorandum and Order of April 18, 1973 against a motion to dismiss attacking jurisdiction.

Also raised in the motion to dismiss the original complaint was the failure to join a necessary party under Fed.R.Civ. P. 19. The alleged necessary party was Penntech Paper Company, the industrial concern operating the chipping facility allegedly in violation of zoning regulations. The court held in its prior memorandum that Penntech Paper Company was not an indispensable party but rather a necessary party as those terms have

been defined under Fed.R.Civ.P. 19. We recited in our memorandum that:

> "[T]here is no doubt that Penntech is not acting under color of state law. Had plaintiffs originally joined Penntech, Penntech could have filed a motion to dismiss as no cause of action can exist against Penntech under 42 U.S.C. 1983, 1985".

The plaintiffs now compel us to reconsider the above rash words. On June 11, 1973 plaintiffs moved to amend their complaint to add Penntech Paper Company as a party defendant on allegations that Penntech Paper Company conspired to allow the operation of the chipper facility without a permit in violation of the borough ordinance and that Penntech and the other defendants conspired to deprive plaintiffs of their civil rights. Counts VI and VII of the amended complaint, and paragraphs 62, 63, 67 and 68 specifically aver such conspiracy and the results thereof.

The amended complaint was allowed by Order of Court filed June 25, 1973. Defendant Penntech Paper Company then moved to dismiss plaintiffs' complaint and/or strike portions thereof and/or require a more definite statement. This court's Order of October 3, 1973 ordered briefs filed on Penntech's motion and stated that, upon receipt of briefs, the matter would be set for hearing.

The court has determined upon consideration of briefs filed that oral argument on this matter would serve no useful purpose. The court is convinced that the amendment should have been allowed, that the court has jurisdiction of the matter and that a cause of action is stated by the amended complaint.

Both parties have relied on Jackson v. Metropolitan Edison Company, 483 F.2d 754 [3rd Cir. 1973]. The moving party here cites the court of appeals' affirmance of the district court's strict view of the "color of state law" test. The plaintiffs, however, cite the following language:

> "The 'under color of' provision encompasses only such private conduct as is supported by state action. That support may take various forms, but it is quite clear that a private person does not act under color of state law unless he derives some 'aid, comfort, or incentive,' either real or apparent, from the state."

(p. 758).

In *Jackson* only the private utility company was sued. Although the utility was subject to state regulations, its action at issue was taken under its own rules. It did not act affirmatively to enforce a state regulation, and no state official participated in the activity. Therefore the plaintiff failed to make a sufficient showing of state involvement to allow the suit to proceed.

The court did not rule out a suit against a private party, however, and recited four categories of cases where a private party's act would support a finding of state action or action under color of state law.

But the added defendant here is charged with conspiring with the other defendants whom we have previously held to be acting under color of state law.

A great variety of cases have found jurisdiction under 42 U.S.C. § 1983 in suits against private parties acting in concert with or in conspiracy with those acting under color of law.

In Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 [1970], the plaintiff was participating in a campaign to resist the segregation practiced in public eating places and was refused service in the defendant's lunch counter. When she left the premises a local police officer who had been present in the store arrested her on a groundless charge of vagrancy and took her into custody. Her suit was brought against defendant store under 42 U.S.C. § 1983. The court stated:

> "Although this is a lawsuit against a private party, not the State or one of

its officials, our cases make clear that petitioner will have made out a violation of her Fourteenth Amendment rights and will be entitled to relief under § 1983 if she can prove that a Kress employee, in the course of employment, and a Hattiesburg policeman somehow reached an understanding to deny Miss Adickes service in the Kress store, or to cause her subsequent arrest because she was a white person in the company of Negroes.

The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful; Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 [1961]; see United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 [1941]; Screws v. United States, 325 U.S. 91, 107–111, 65 S.Ct. 1031, 1038–1040, 89 L.Ed. 1495 [1945]; Williams v. United States, 341 U.S. 97, 99–100, 71 S.Ct. 576, 578–579, 95 L.Ed. 774 [1951]. Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is not enough that he is a willful participant in joint activity with the State or its agents,' United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157 [16 L.Ed.2d 267] [1966]."

(p. 152).

See also: Gillibeau v. City of Richmond, 417 F.2d 426, 430 [9th Cir. 1969]; Hoffman v. Halden, 268 F.2d 280, 298 [9th Cir. 1959]; Hanna v. Home Insurance Co., 281 F.2d 298, 303 [5th Cir. 1960]; United States v. Price, 383 U.S. 787, 794–795, 799–800, 86 S.Ct. 1152, 16 L.Ed.2d 267 [1966]; Logan v. Short, 342 F.Supp. 1349 [E.D.Mo.1972]; Weise v. Reisner, 318 F.Supp. 580, 582 [E.D. Wis.1970]; Driscoll v. International Union of Operating Eng., Local 139, 484 F.2d 682, 690 [7th Cir. 1973]; Picking v. Pa. R.R. Co., 151 F.2d 240, 249–250 [3rd Cir. 1945].

We find that there is jurisdiction under 42 U.S.C. § 1983 to entertain this complaint.

Movant next attacks the complaint for failure to state a cause of action. Much of movant's brief on this point is again devoted to its argument that there is no "color of law". This confuses the allegations of jurisdiction and the allegations of a cause of action. We have determined that jurisdiction exists over defendant Penntech under § 1983 on the allegations of the complaint. The allegations of jurisdiction must be decided prior to any consideration of the cause of action. See Brown v. Strickler, 422 F.2d 1000 [6th Cir. 1970]; Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939 [1946].

We do not find plaintiffs' amended complaint lacking in the essential requirements of a cause of action. Plaintiffs have alleged the jurisdictional requirements, they have alleged the federally protected right allegedly impaired by the defendants' action, they have recited specific facts and overt acts by which their rights were impaired. These are not broad conclusory allegations of conspiracy. If any criticism were made it might be directed to the length and volume of the complaint.

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 [1957].

We find the complaint states a cause of action under 42 U.S.C. § 1983.

Movant also pleads that the statute of limitations or laches bars this

suit because plaintiffs allege a wrong occurring around June of 1966. Plaintiffs plead a continuing injury and pray for both injunctive relief and monetary damages. The statute of limitations is an affirmative defense and may be pleaded by each party defendant named herein in its answer. The statute of limitations may be applicable as a limitation of the period for which damages may be recovered. We do not decide that question now. Laches is a defense which is determined by the production of evidence as to the prejudice to the defendant and it may be considered with respect to the nature of any equitable relief to be granted.

Movant's motion to strike certain paragraphs of the company is denied. The motion for a more definite statement is denied; defendant may develop the additional information required through discovery.