**WESTHEIMER et al. v. BYRNE et al.**

No. 14900—Opinion Filed May 19, 1925.

**1. Pleading—Sufficiency on Demurrer.**

In construing a pleading challenged by demurrer before trial, nothing will be assumed in favor of the pleader which has not been averred, since the law does not presume that a party's pleadings are less strong than the facts in the case warrant.

**2. Same—Sufficiency of Petition.**

A complaint must be sufficient to entitle plaintiff to recover without evidence in its support, in the absence of a denial.

**3. Same—Insufficiency.**

Where the petition neither states a cause of action at law nor in equity, a demurrer thereto should be sustained.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by T. W. Byrne et al., against Max Westheimer, Dave Daube, and Sam Daube, a copartnership, and Iowa Oil & Refining Company, a corporation, wherein the former seek to recover on an oral contract for drilling an oil well. From a judgment of the court overruling the demurrer of defendants to the plaintiffs' petition, defendants appeal. Reversed and remanded, with directions.

Tom D. McKeown and C. F. Green, for plaintiffs in error.

King & Crawford and Allen & Roddie, for defendants in error.

Opinion by RUTH, C. The petition of the plaintiff, omitting formal parts, is as follows:

"(2) That heretofore, to wit, on the 27th day of December, 1921, a contract was entered into between J. D. Cardinell and A. H. Kelley, first parties, and Archie Perkins and T. W. Byrne, second parties, for drilling a well for oil and gas upon certain lands in Pontotoc county, Okla., a copy of said contract being hereto attached, marked 'Plaintiff' Exhibit A' and made a part of this petition.

"(3) That on the —— day of December, 1920, and a short time prior to entering into the contract hereinbefore mentioned, W. P. Chism entered into an oral agreement with the defendants by the terms of which W. P. Chism was to furnish J. D. Cardinell an oil and gas lease upon 60 acres of land, the defendants to furnish derrick, rig and casing for the well in consideration of the well being drilled upon the lands of W. P. Chism herein; said defendants at said time owned oil and gas leases on two sides of the land agreed to be drilled upon, and that the consideration in the leases so held by the defendants was that an oil and gas well was to be drilled upon lands that they held leases on, or adjoining lands, within a specified time, or the lease would be void; said oil and gas leases so owned by the defendants are in the possession of the defendants and cannot be produced by the plaintiffs, and notice is hereby give to produce same in court, or secondary evidence will be introduced to prove same.

"(4) That said J. D. Cardinell, relying upon the good faith of the defendants to furnish the casing as hereinbefore stated, did expend large sums of money in removing derrick and rig and placing same on the land agreed upon by all parties, and began drilling for oil and gas; that subsequently, and on the 9th day of March, 1921, the defendants in writing authorized W. P. Chism of Francis, Okla., and the defendants' agent at Francis, to furnish all casing necessary for the completion of said well, a copy of which said written authority is hereto attached, marked 'Plaintiffs' Exhibit B' and made a part hereof.

"(5) That the consideration for furnishing the rig and casing by the defendants, as aforesaid, was drilling a well next to and adjoining the defendants' lease and testing the field for oil and gas, saving the defendants the expense of developing said lease.

"(6) Plaintiffs further state that on May 3, 1921, J. D. Cardinell, as president of the Cardinell Oil Company, a copartnership composed of J. D. Cardinell and A. H. Kelley, transferred and assigned their interests in the well so being drilled and the lease upon the lands upon which the well was being drilled to the plaintiffs herein, for a consideration of —— dollars, a copy of which said assignment being hereto attached marked 'Plaintiffs' Exhibit C,' and made a part hereof.

"(7) Plaintiffs further state that under the agreement herein before stated between the defendants and Cardinell and Chism, that plaintiff did drill said well to the depth of approximately 1,460 feet, and that said defendants furnished to plaintiffs casing sufficient until they reached the depth of 1,350 feet; that all casing used by the plaintiffs prior to this time was 12½-10-8 inch, and having reached the depth of 1,350 feet, plaintiffs could no longer use 8-inch casing, and that they called upon said defendants for 6⅝ inch casing, and that said defendants, after allowing plaintiffs to go ahead with said work as hereinbefore stated to a depth of approximately 1,460, failed and refused to furnish smaller casing which was required to carry said well on to a greater depth, forcing plaintiffs to tear down the rig, prior to the termination of the contract and remove the same off the premises and back

where it was formerly delivered to the plaintiffs herein by said refusal to furnish the balance of said casing to carry said well to a greater depth, and by removing the rig and endeavoring to force the plaintiffs to abandon said well.

"(8) Plaintiffs further state that in the community in which this well was being drilled, to wit, near Francis, Okla., that there is a known producing sand at a depth of between 1,500 and 1,600 feet, to which sand plaintiffs were endeavoring to reach, and could have reached had the defendants complied with their portion of the contract, and if the plaintiffs had been allowed to continue their drilling, which they could have done had the defendants furnished the casing as agreed to, which said sand, plaintiffs believe is a paying sand as same had been found to be in that vicinity."

Plaintiffs then allege they expended time and money in the drilling and pray damages in the sum of $11,025. Plaintiffs' Exhibit "A" is a contract to drill a well, entered into between J. D. Cardinell and A. H. Kelley of one part and Archie Perkins of the second part, the well to be drilled on the lands of W. P. Chism. The contract provides the parties of the first part shall furnish "rig, fuel, water, and all necessary tools, materials, and labor (other than drillers and tool dressers) of said well." Nowhere in the petition, or in the contract, does it allege the defendants or any of them ever entered into a contract with the plaintiffs, and it is not alleged or contended that Cardinell and Kelley were the agents of or had any connection with the defendants.

Plaintiffs' Exhibit "B" purports to be a letter written to W. P Chism, who is not a party to this action, and the letter was written by A. J. Walker, who is not made a party to this action and is as follows:

"Healdton, Okla., March 9, 1921. Mr. W. P. Chism, Bank of Francis, Okla. Dear Sir: In reply to your letter of March 7th, in regard to the loan of casing, beg to reply the company will accept your personal guarantee on the casing as above mentioned in letter. Enclose your letter to Mr. Nichols, who is on the property and will allow the same to be removed upon presentation of same. Respectfully yours, A. J. Walker, 2nd Vice President."

It appears that Chism, who is not a party to this action, but upon whose land the well was being drilled, was attempting to borrow, or obtain the loan, of some casing from one A. J. Walker, who is not a party to this action.

Plaintiffs' Exhibit "C" is as follows:
"Healdton, Okla., March 9, 1921. Mr. C.

L. Nichols, Francis, Okla., Dear Sir: You will allow W. P. Chism or his agents to get such casing as he may want from the Westheimer-Iowa stock. You to tally the casing and send this office the measurements thereof. For the 12½-inch casing, take what was pulled from the drilling well and if that is not sufficient, take the balance from the stock in the tool house. A. J. Walker."

There is no allegation in the petition to the effect that Walker was the agent of the defendants, or that he had any authority to loan the casing.

Thereafter, the Cardinell Oil Company of the first part, Perkins and Byrne of the second part, and W. P. Chism of the third part, entered into an agreement on May 3, 1921, wherein it was recited that the Cardinell Oil Company desired to abandon the well being drilled and Perkins and Byrne desired to continue the drilling on their own account, and Chism agreed to assign his lease on the north 20 acres of his 60 acre lease to Perkins and Byrne, and the Cardinell Oil Company agreed to loan the tools then on the lease to Perkins and Byrne so long as they continued to drill on that particular well. This contract is signed by the parties thereto, but is not signed by any of the defendants or their agent or even by the A. J. Walker heretofore mentioned. To this petition the defendants filed their special and general demurrer as follows:

Special and General Demurrer.

"Come now the defendants and demur specially to the third paragraph of plaintiff's petition, for the reason that the same discloses that the plaintiffs have no legal capacity to sue, and maintain this action.

"And defendants specially demur to paragraph 4 for the reason that the facts set forth in said paragraph discloses that the plaintiffs have no legal capacity to maintain this suit.

"Defendants specially demur to paragraphs 6 and 7 for the reason that the same discloses no contractual relations between the plaintiffs and these defendants for which the plaintiffs may maintain this action.

"The defendants demur generally to the petition of the plaintiffs for the reason that the facts set forth therein are not sufficient in law to constitute a cause of action in favor of the plaintiffs and against the defendants."

Paragraph 2 of the plaintiffs' petition relates to a contract between Cardinell and Kelley on the one hand and these plaintiffs on the other, and paragraph 3 recites that Chism made an oral contract with defendants, whereby Chism was to furnish Car-

dinell an oil lease upon 60 acres of land, and defendants were to furnish rig and casing for a well to be drilled on Chism's land, or lease. If this allegation was borne out by the exhibits, it would appear that upon default being made by the defendants, the action would accrue to Chism, but we are not deciding that point, as the same is not before us, and as to the plaintiffs, if they had any action, it would be against Chism.

The only allegation that any person was to furnish Chism with casing was the letter wherein Walker agreed to loan Chism such casing as he, Chism, and not the plaintiffs, should want, and it is not alleged that Walker had any connection with these defendants, or had any authority to loan defendants casing, if in fact the defendants' casing was actually used.

The "loan" of the casing was a personal matter between Walker and Chism, and upon Chisms' personal guarantee, and it is not alleged that Chism had any enforceable contract with Walker to furnish casing, or that the contract was an assignable one, or that the same was ever assigned or attempted to be assigned to these plaintiffs, or that they ever acquired any rights thereunder.

Nowhere in the petition is there alleged any contractual relation between the defendants and the plaintiffs, and there is disclosed no legal or even moral obligation on the part of the defendants to furnish anything to the plaintiffs.

"In construction of a pleading, challenged by demurrer before trial, nothing will be assumed in favor of the pleader which has not been averred, as the law does not presume that a party's pleadings are less strong than the facts of the case warrant." Atwood v. Rose, 32 Okla. 355, 122 Pac. 929; Fretz v. Edmond, 66 Okla. 262, 168 Pac. 800; Emmerson v. Botkin, 26 Okla. 218, 100 Pac. 531; Lusk v. Porter, 53 Okla. 294, 156 Pac. 224.

"A complaint must be sufficient to entitle plaintiff to recover, without evidence in its support, in the absence of evidence." Bolen Darnall Coal Co. v. Williams, 7 Ind. Ter. 648, 104 S. W. 867.

"Every fact necessary to be proven, to entitle the plaintiff to recover, must be averred in the pleadings." Choctaw, O. & G. R. Co. v. Zwirtz, 13 Okla. 411, 73 Pac. 941.

"Where a petition neither states a cause of action at law or in equity, a demurrer thereto should be sustained." Kimmell v. Powers, 19 Okla. 339, 91 Pac. 687.

The petition in the case under review wholly failing to state a cause of action in favor of the plaintiffs and against the defendants, the judgment of the court below in overruling the demurrer of the defendants to the plaintiffs' petition will be reversed, and this cause remanded, with directions to the trial court to vacate the judgment overruling the defendants' demurrer, and to enter judgment sustaining the same.

By the Court: It is so ordered.