JOSEPH L. DOMBROWSKI *et al.*, Plaintiffs-Appellants, *v.* SHORE GALLERIES, INC., *et al*, Defendants-Appellees.

First District (2nd Division)   No. 76-43

Opinion filed April 11, 1978.

Wayne B. Giampietro, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Crisham, and Jean Hamm, of counsel), for appellees.

Mr. JUSTICE BROWN delivered the opinion of the court:

The plaintiffs, Joseph L. Dombrowski and Frank L. LaPort, appeal from the entry of summary judgment by the circuit court of Cook County for the defendants, Shore Galleries, Inc. and Sig Shore. In their complaint, plaintiffs alleged that defendants had caused photographs of certain checks which they had given to defendants for the purchase of merchandise and upon which they had stopped payment, to be posted on the walls of defendants' store near other signs that stated no checks will be accepted for merchandise. Plaintiffs contend that defendants' acts were a *per se* libel and that the circuit court erred in granting summary judgment for defendants.

We affirm.

The facts reveal that on August 12, 1972, Frank L. LaPort, and Joseph L. Dombrowski, both of whom are attorneys, went to Shore Galleries, Inc., a retail sporting goods store owned and operated by Sig Shore. The plaintiffs selected certain firearms which they wished to purchase from Shore Galleries, Inc., and left a deposit on them in cash. Under the terms of Illinois law (Ill. Rev. Stat. 1975, ch. 38, par. 24—3(g)), plaintiffs were required to wait three days before taking delivery of their purchases, and they returned on August 15, 1972, for this purpose. At that time they paid the balance owed with their personal checks. Mr. LaPort's check bore the legend "Clients Special Fund Account," which had been placed there in error by the check printer.

A short time thereafter, the plaintiffs discovered certain defects in their merchandise. After notifying Sig Shore and being unable to reach a satisfactory solution, both plaintiffs placed stop payment orders on their checks. In due course, these checks were returned to defendants unpaid.

On August 31, 1972, a compromise was reached between the parties and plaintiffs' checks were returned to them. Subsequently, plaintiffs discovered that Shore had made enlarged photographs of their checks, containing the stop payment legends, and had posted these enlargements in his store in close proximity to other signs which stated that Shore Galleries would accept no checks in payment for merchandise.

Plaintiffs filed this action on December 27, 1972, seeking damages for an alleged defamation. Defendants submitted the depositions of the parties and moved for summary judgment, which was granted by the trial court. Plaintiffs do not contend they suffered any special damages as a result of defendants' acts, and the sole issue raised on appeal is whether the posting of photographs of checks bearing a stop payment stamp is libelous *per se*.

■■ Under Illinois common law, there are five classes of words which give rise to a cause of action for defamation if falsely communicated. The five classes of words are as follows:

"1. Those imputing the commission of a criminal offense;

2. Those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society;

3. Those imputing inability to perform or want of integrity in the discharge of duties of office or employment;

4. Those prejudicing a particular party in his profession or trade;

5. Defamatory words, which though not in themselves actionable, occasion the party special damages."

*Whitby v. Associates Discount Corp.* (3d Dist. 1965), 59 Ill. App. 2d 337, 340-41, 207 N.E.2d 482.

■■■ If the false words, by their plain, ordinary meaning, and without resort to innuendo, impute anything within the first four offense categories, the libel is one *per se* requiring no allegation or proof of special damages. If, however, a construction of the words is necessary to demonstrate injurious meaning, the libel cannot be *per se*, for a defamation can never be *per se* if the words themselves are capable of innocent construction. *Archibald v. Belleville News Democrat* (5th Dist. 1964), 54 Ill. App. 2d 38, 203 N.E.2d 281.

Plaintiffs argue that the posting of checks clearly charged that the persons who had written the checks had obtained merchandise and then stopped payment in order to deprive Shore Galleries, Inc., of its rightful payment. Plaintiffs contend they are imputed with the crime of deceptive practices (Ill. Rev. Stat. 1975, ch. 38, par. 17—1), which is based on the act of writing a check on an account with nonsufficient funds, knowing that the depository will not honor the check.

In determining whether an act is libelous, the entire circumstances must be considered and construed, and words must be given their natural and obvious meaning. Furthermore, words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law. *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105.

■■ An examination of the photographs and the manner in which they were displayed fails to reveal whether there were or whether there were not sufficient funds on deposit in plaintiffs' respective bank accounts to cover these checks, the crime with which plaintiffs are purportedly charged. This information can only be provided by reference to other documents, or by speculation and innuendo. Therefore, it cannot be a *per se* libel. *LaGrange Press v. Citizens Publishing Co.* (1st Dist. 1929), 252 Ill. App. 482.

Plaintiffs rely on *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217. There the court held: "To constitute a libel *per se* the offensive accusation need not state the commission of a crime in terms of art or with the particularity of an indictment." (*Zeinfeld,* at 348).

Applying that rule, the court then held the following statement to be libelous *per se* as a matter of law:

> "Mr. Zeinfeld was the controller [*sic*] of Hayes Freight Lines for seven years and as such was in complete charge of the books and records. After his leaving the company we discovered there was a substantial amount of money owed the company. Upon tracing him he offered to compromise. Under the above circumstances it is difficult for me to give him any references." (*Zeinfeld*, at 346-47.)

The court noted that "[t]he words themselves, without the aid of extrinsic facts to explain them, are so obviously and inevitably hurtful to the Plaintiff that damage to his reputation may be presumed." (*Zeinfeld*, at 348.) This is not the situation presented in this case.

The photographs in this case are not obviously and inevitably hurtful to these plaintiffs. Nothing on the face of the checks indicates why payment was stopped: whether it was because the plaintiffs were cheating the defendants, or because plaintiffs felt defendants had cheated them, or because there was an honest dispute between the parties. In *Zeinfeld*, no other meaning could be attached to those words, but that Zeinfeld had misappropriated money.

It is settled that the mere indication that there is a dispute between a merchant and his customer is not libelous. (*Holmes v. John Clay & Co.* (4th Dist. 1962), 35 Ill. App. 2d 333, 182 N.E.2d 770.) Therefore, following the rule set down in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, where there is more than one construction which can be placed on words, the words must be given the innocent construction.

LaPort argues that the posting of the photographs was especially damaging to him, as his check bore the notation "Special Clients Fund Account," thereby imputing that he had been using his clients' funds to purchase firearms for his own use or purposes. Assuming that LaPort's interpretation is a reasonable one, there is an innocent interpretation which would preclude a finding of libel *per se*, namely that LaPort made the purchases on behalf of a client.

In conclusion, we find that there were no issues of fact presented and the case was an appropriate one for summary judgment. We further find that the photographs and the manner in which they were presented not being libelous *per se*, and there being nothing in the record to support any special damages, the entry of the summary judgment order in favor of defendants was proper.

Judgment affirmed.

STAMOS, P. J., and PERLIN, J., concur.