Thomas F. WHITE, Appellant,

v.

George B. WINT, John D. Groendyke, Jud Little, Mervin Lawver, H. B. Vanpelt, Ellis Holly, Doyle Burke, Bob Matthews, Roy Baker, and Leo Winters, Appellees.

No. 54938.

Supreme Court of Oklahoma.

Dec. 15, 1981.

Rehearing Denied Jan. 25, 1982.

3. *Shunkamolah v. Delco*, 131 Okl. 272, 268 P. 270 (1928).

Brown & Flagler by Elvin J. Brown, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Victor G. Hill, Jr., Asst. Atty. Gen., Oklahoma City, for appellees.

HARGRAVE, Justice.

Thomas White, the appellant, was a salaried employee[1] of the Oklahoma Department of Wildlife Conservation (Department). He was classified as a Biologist I[2] and was employed from September 5, 1972, to May 2, 1979, at which time his employment contract was terminated. During this period, Mr. White often worked longer than eight hours a day due to the demands of his job and due to the nature of the various activities required in his job description. In effect during this same time was a Department policy which allowed for a "compensatory leave" program as there was no monetary compensation program for "overtime" hours established. Rule P–10(9), promulgated and adopted pursuant to Constitutional and statutory authority, Okla.Const. Art. 26,[3] § 1, 29 O.S. (1974) § 3–101;[4] and

1. The appellant began working for the Department of Wildlife Conservation in the summer of 1966. He continued working as an hourly employee during the summers while he was a student at the University of Oklahoma. After graduation and after completion of a tour of duty in the military, Mr. White began working for the Department as a full-time employee.

2. The job specification of a Biologist I requires that the employee have a Bachelor's Degree with an emphasis on Fishery Biology.

3. Article 26, Section 1 of the Oklahoma Constitution provides in part:

There is hereby created a Department of Wildlife Conservation of the State of Oklahoma and an Oklahoma Wildlife Conservation Commission. The Department of Wildlife Conservation shall be governed by the Wildlife Conservation Director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission. Such rules and regulations and amendments thereof shall be filed and recorded in the office of the Secretary of State, and shall become effective on the tenth (10th) day following such filing.

4. Title 29, Section 3–101 of the Oklahoma Statutes provides:

A. There is hereby created a Department of Wildlife Conservation and a Wildlife Con-

29 O.S. (1974) § 3–105[5], and published in the Department's Policy Manual, provides:

Regardless of what may be regarded as a "normal" work day or work week, each Department employee is obligated to work as long as necessary to complete some projects within a specified time period. This determination will be made by appropriate supervisors. By the same token, no employee is entitled to compensatory time off as a "right" or condition of employment. However, supervisors may grant a reasonable amount of time off the job, when the mission permits, to partially compensate for periods of duty which are longer than usually considered normal. Such periods of compensatory leave will not be granted adjacent to the beginning or ending of other official leave. Compensatory leave will be granted entirely at the discretion of those persons in the supervisory chain of command.

Aware of the policy, Mr. White had requested, pursuant to its provisions, and had been granted compensatory time off for hours worked in excess of eight hours a day. However, as revealed by the appellant's answers to the appellees' interrogatories, the number of hours of compensatory time off granted by the appellant's supervisors did not correspond with the number of hours worked in excess of eight hours a day. As of the date of Mr. White's termination, the number of hours worked in excess of eight hours a day was larger than the number of hours received as compensatory time off. It was for this reason Mr. White requested monetary compensation from the Department as reimbursement for what he believed to be the approximate monetary value of the uncompensated number of hours representing the difference between the two amounts. The request was refused and the appellant brought suit in the District Court of Oklahoma County, Oklahoma, on November 2, 1979, against the Director and the Commissioners of the Department and Leo Winters, the State Treasurer of Oklahoma. He sought $5000 in damages "or such other sum as the evidence shows his accumulated overtime worth at the rate of pay he received at the time of his termination," or in the alternative a writ of mandamus to compel the appellees to adopt a new policy consistent with the Oklahoma Constitution and statutes, to compel the appellees to reconsider his claim, and to compel the appellees to forward an approved claim to the State Treasurer for payment together with an attorney's fee.

On December 28, 1979, the appellees demurred to the appellant's petition alleging failure to state a cause of action. After a hearing on February 15, 1980, the trial

servation Commission in and for the State of Oklahoma, under Section 1, Article XXVI, of the Constitution of the State of Oklahoma, and such Department shall be governed by the State Wildlife Conservation Director, which position is created in Section 3–104 of this Code, under such rules, regulations and policies as may be prescribed by the Commission. Such rules and regulations and amendments thereto, as adopted by the Commission, shall be filed and recorded in the office of the Secretary of State.

B. The Department, Commission and the officers thereof, as herein set forth, are hereby made the legal successors of the Wildlife Conservation Department and Commission created by Section 1, Article XXVI of the Oklahoma Constitution and enacted by Section 122, Title 29, Oklahoma Statutes 1957. Such Department, Commission and the officers thereof are hereby empowered to take charge of records, books, papers, information, property, funds, obligations and appropriations now in the possession of the former Wildlife Department and Commission and shall perform all duties now enjoined upon such former Department and Commission.

5. Title 29, Section 3–105 of the Oklahoma Statutes provides in part:

2. To appoint and employ such assistants, department heads, rangers, clerical help and other employees as the Commission may deem necessary, subject to the approval of the Commission. The Director shall fix and determine the salaries and wages to be paid under and subject to the rules and regulations as promulgated by the Commission; and the Director shall supervise and direct all employees of either the Commission or the Department and may suspend, discharge, station or transfer them at any time that, in his judgment, the Commission or the state shall be best served thereby.

The 1979 amendments did not change Subsection 2.

judge, The Honorable Homer A. Smith, sustained the demurrer and allowed the appellant time to amend his petition. Mr. White declined to amend and the trial judge on March 14, 1980, dismissed the causes of action. Thereupon, an appeal was perfected to this Court citing five propositions of error and requesting that the order of the trial judge be reversed and that the case be remanded for further proceedings.

The appellant's first,[6] fourth,[7] and fifth[8] propositions of error summarize settled law regarding demurrer and joinder of causes of action in Oklahoma. While neither the Court nor the appellees take issue with any of these general statements, it is the opinion of this Court that a discussion of the purpose and the effect of a demurrer is nevertheless necessary before addressing the appellant's petition and his final propositions of error.

■■■ A demurrer is a form of pleading used to challenge the legal sufficiency of an adversary's petition. The demurrer admits that the facts as stated in the petition are accurate but it avoids the conclusion drawn from these facts by pointing out that the facts are insufficient to constitute a cause of action. Acting as a screening device, the demurrer eliminates those cases at the pleading stage which do not warrant a trial. This is true whether the petition is attempting to state a cause of action at law or in equity, *Kimmell v. Powers*, 19 Okl. 339, 91 P. 687 (1907), or whether the petition is alleging different or alternate rights of recovery. *Caldwell v. Indian Territory Illuminating Oil Co.*, 187 Okl. 523, 104 P.2d 237 (1940).

■■■ The Court, when confronted with a demurrer, has the duty to liberally construe the challenged petition and to take as true all the factual allegations and the reasonable inferences drawn therefrom. If the Court finds any fact stated in the petition which entitles the plaintiff to any relief, the Court must overrule the demurrer. *Rotramel v. Public Service Co.*, 546 P.2d 1015, 1919 (Okl.1975); *Johnson v. Steward*, 397 P.2d 907 (Okl.1965). The Court will not assume facts in favor of the petitioner which have not been averred, "since the law does not presume that a party's pleadings are less strong than the facts of the case warrant." *Westheimer v. Byrne*, 110 Okl. 107, 109, 236 P. 589, 591 (1925).

It is in light of this authority that the appellant's petition must be examined to determine whether the trial judge erred in sustaining the appellees' demurrer. The petition states that the appellant while employed with the Department often worked in excess of eight hours a day; that upon his termination in May, 1979, "[s]uch overtime probably amounted to $5000;" that Article 23. Section 1 of the Oklahoma Constitution provides:

Eight hours shall constitute a day's work in all cases of employment by and on behalf of the State . . . ;"

and that the corresponding enabling statutes, Title 61, Sections 3, 4 and 5 provide:

§ 3. Eight hours shall constitute a day's work for all laborers, workmen, mechanics, prison guards, janitors of public institutions, or other persons now employed or who may hereafter be employed by or on behalf of the State, or by or on behalf of any county, city, township or other municipality, except in cases of extraordinary emergency which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life: Provided, that in all

6. Proposition I states:
A demurrer must state the grounds of objection to the petition, or it is to be regarded as only objecting that the petition does not state facts sufficient to constitute a cause of action, and is a "general" demurrer. *See* 12 O.S. (1971) §§ 267, 268.

7. Proposition IV states:

Plaintiff may, under the joinder statutes of the State of Oklahoma, join two or more causes of action in one petition. *See* 12 O.S. (1971) § 265.

8. Proposition V states:
The sustaining of a general demurrer to a petition alleging facts supporting one or more causes of action and dismissal of such claims is reversible error.

such cases the laborers, workmen, mechanics or other persons so employed and working to exceed eight hours per calendar day shall be paid on the basis of eight hours constituting a day's work: Provided, Further, that no less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen, mechanics, prison guards, janitors in public institutions, or other persons so employed by or on behalf of the State, or any county, city, township, or other municipality; and laborers, workmen, mechanics, or other persons employed by contractors or subcontractors in the execution of any contract or contracts with the State, or with any county, city, township, or other municipality thereof, shall be deemed to be employed by or on behalf of the State, or of such county, city, township, or other municipality.  61 O.S. (1971) § 3.

§ 4.  All contracts hereafter made by or on behalf of the State, or by or on behalf of any county, city, township, or other municipality, with any corporation, person or persons, for the performance of any public work, by or on behalf of the State or any county, city, township, or other municipality, shall be deemed and considered as made upon the basis of eight hours constituting a day's work; and it shall be unlawful for such corporation, person or persons, to require, aid, abet, assist, connive at, or permit any laborer, workman, mechanic, prison guards, janitors in public institutions, or other person to work more than eight hours per calendar day in doing such work, except in cases and upon the conditions provided in the preceding section.

Provided that the provisions of this Act in regard to hours worked per calendar day shall not apply to the construction, reconstruction, maintenance, or the production of local materials for: Highways, roads, streets, and all the structures and drainage in connection therewith; sewer systems, waterworks systems, dams and levees, canals, drainage ditches, airport grading, drainage, surfacing, seeding and planting.  Provided that the provisions of

this Act will not prevent employees from drawing time and half for those hours worked over forty (40) during any calendar week.
61 O.S. (1971) § 4.

§ 5.  Any officer of the State, or of any county, city, township, or other municipality, or any person acting under or for such officer, or any contractor with the State, or any county, city, township, or other municipality thereof, or other persons violating any of the provisions of the two preceding sections, shall for each offense be fined in any sum not less than fifty dollars, nor more than five hundred dollars, or punished by imprisonment of not less than three months nor more than six months.  Each day such violation continues shall constitute a separate offense.
61 O.S. (1971) § 5.

The petition also states that the Department Rule, P–10(9) conflicts with these constitutional and statutory provisions; that the failure to compensate the appellant in light of these constitutional and statutory authorities requires that the appellees be charged individually and collectively with damages in the amount of $5000 (or "other such sum"); and that the appellees be compelled to adopt new Department rules consistent with the constitutionally and statutorily authorized time and a half remuneration for overtime work performed.

■ A review of the appellant's petition leads to the determination that the trial court did not err in sustaining the appellees' demurrer.  The appellant bases his causes of action on the assumption that the appellant is within that class of persons that the protections of Article 23, Section 1, and its enabling statutes, Title 61, Sections 3, 4 and 5, are directed.  The appellant as a Biologist I did not occupy the status of the persons to which the constitutional and statutory sections relate.

■ An examination of the statute requires the application of the doctrine of *ejusdem generis*.  This rule of construction applies when "(1) the statute contains an enumeration of specific words; (2) the

members of the enumeration constitute a class; (3) the class is not exhausted by the enumeration; (4) a general reference supplementing the enumeration, usually following it; and (5) there is not clearly manifested an intent that the general term be given a broader meaning than the doctrine requires." *2A Sutherland Statutes and Statutory Construction § 47.18, at 109 (Sands 4th Ed. 1973).* The provisions of Title 61, Sections 3 and 4 relate to "laborers, workmen, mechanics, prison guards, janitors of public institutions, or other persons now employed ... by ... the State." As evidenced there is an enumeration of specific words constituting a class which is not exhausted by the enumeration and which is followed by a general reference ("or other persons"). In such a situation, "the meaning of the general words will be ordinarily presumed to be restricted by the particular designation [of subjects or classes of persons enumerated in the statute] and to include only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose." *Walton v. Donnelly,* 83 Okl. 233, 235, 201 P. 367, 369 (1921). "If the general words are given their full and natural meaning, that is, the meaning they would receive in the abstract, they would include the objects designated by the specific words, making the latter superfluous. If, on the other hand, the series of specific words is given its full and natural meaning, the general words are redundant in part." *2A Sutherland Statutes and Statutory Construction § 47.17, at 103–04.* "The rule, therefore, accomplishes the purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words." *National Bank of Commerce v. Estate of Ripley,* 161 Mo. 126, 13, 61 S.W. 587, 588 (1901).

"The meaning of a word used in the statute must be construed in connection with the words with which it is associated," *Board of County Commissioners v. Grimes,* 75 Okl. 219, 220, 182 P. 897, 897 (1919), and therefore the general words "other persons now employed by the State" cannot be used to explain or to amplify the particular terms preceding them. Instead the general words themselves are restricted and explained by the terms laborers, workmen, mechanics, prison guards, and janitors of public institutions. As stated by this Court in *Nucholls v. Board of Adjustment,* 560 P.2d 556, 558–59 (Okl.1976), "general words will be considered as applicable only to things of the same general character, kind, nature or class enumerated, and cannot include wholly different things."

The appellant did not allege the violation of a constitutional or statutory right since the provisions upon which he relied are not applicable to the appellant and as such did not state a cause of action upon which relief could be granted. Mr. White does not claim any other statutory or regulatory basis for his claim and in the absence of any allegations of a valid contract executed pursuant to statutory or regulatory authority specifying such compensation in addition to Mr. White's fixed monthly salary, he is not entitled to compensation for such overtime.

■ While the doctrine of *ejusdem generis* operates as a rule of construction to aid the Court when the intent of the legislature is unclear, it does not operate to defeat the real purpose of the statute or to render nugatory particular language of the statute. In the present situation the application of the doctrine does no such harm. The protection of the health and welfare of persons employed to perform manual labor requiring great physical effort is grounded in Article 23, Section 1 and the statutes were enacted to promote this protection. To invoke the rule of *ejusdem generis* does not weaken this protection to those persons so entitled under the statute.

The appellant's job, while physically demanding, is not of the same class as those jobs enumerated in the statutes. The appellant's employment situation is not subject to the same abuse as those employment situations listed in the statute. Therefore

the appellant is not entitled to the protections found in the cited statutes.

Based upon the foregoing authority, it is the opinion of this Court that the appellant did not state a cause of action at law or in equity upon which relief could be granted and that the trial court properly sustained the appellees' demurrer.

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

SIMMS and OPALA, JJ., concur in result.