ROBERT K. BELL ENTERPRISES, INC., an Oklahoma corporation, Appellant,

v.

TULSA COUNTY FAIRGROUNDS TRUST AUTHORITY, an Oklahoma Public Trust; Waldo Jones, II; Mrs. Mary Lewis; Jim Orbison; John Zink; John Elsner; Robert G. Green; and R.W. Coburn, Appellees.

No. 59971.

Supreme Court of Oklahoma.

Feb. 5, 1985.

---

Bradford S. Baker, Tulsa, for appellant.

Robinson, Boese & Davidson by C.S. Lewis, III, and William C. Connor, Tulsa, for appellees Mary Lewis and Jim Orbison.

LAVENDER, Justice:

Appellant, Robert K. Bell Enterprises, Inc., owns and operates a facility known as Bell's Amusement Park. Bell's is located upon land comprising a portion of the Tulsa County Fairgrounds. The Tulsa County Fairgrounds Trust Authority leases the entire Tulsa County Fairgrounds from Tulsa County. The Trust Authority, in turn, subleases that portion of the Fairgrounds upon which the Amusement Park is located to appellant. The most recent lease agreement between appellant and the Trust Authority was entered into on June 23, 1975, to be effective from June 1, 1975 to June 1, 1985.

Appellant initiated the present action on August 16, 1982. The second amended petition, the sufficiency of which is at issue in this appeal, was filed on November 12, 1982. This petition set forth five causes of action. The first cause of action, which is not at issue, requested a declaratory judgment from the trial court that appellant was not indebted to appellee Trust Authority for any sums of money. The second cause of action pled alleged that "each and every named defendant orally stated or caused to be printed" a statement in notes to the financial statement, in connection with the 1981 audit of the Trust Authority, to the effect that an account due from appellant had been included in the accounts receivable. This explanatory note went on to indicate that appellant had been paying 15 percent of gross revenue on games and arcade while the Trust Authority contended that 25 percent was the proper rate of payment. This discrepancy was the basis for the Trust Authority's assertion of the debt due. Appellant stated that this publication was libelous per se and that it had been damaged in the sum of one dollar and went on to request punitive damages in the sum of one million dollars.

As grounds for the third cause of action, appellant set forth a special meeting notice which stated that the purpose of the meeting would be to determine whether to make demand on appellant for payment of the sum due. The fourth cause of action was

based on a written memorialization of a motion made in a meeting of the trustees to the effect that the dispute with appellant over the sum due should be referred to counsel for resolution. For both the third and fourth causes of action appellant again alleged actual damages of one dollar and sought punitives in the amount of one million dollars on each count.

In the fifth and final cause of action pled by appellant, it sought redress for alleged violations of constitutional rights of due process and equal protection. The gist of appellant's argument was that other lessees of appellee Trust Authority had been given better treatment under their leases than had appellant.

At hearing held February 28, 1983, the trial court entertained argument on demurrers filed by all named defendants. The court considered the demurrers as addressed to the second amended petition and its inclusions by reference of the earlier filed petitions. Appellant's first pled cause of action was deemed sufficient to withstand a demurrer as to appellee Trust Authority. The remaining portions of the pleading were found to be insufficient to state a cause of action against appellee Trust Authority or the various trustees and agents of the Trust named as defendants by appellant. The trial court dismissed these named defendants from the cause and stated that this was a final order of the court. Appellant now challenges this order.

### I.

In assessing appellant's challenge to the trial court's order we are guided by this Court's statement from the case of *White v. Wint:* [1]

A demurrer is a form of pleading used to challenge the legal sufficiency of an adversary's petition. The demurrer admits that the facts as stated in the petition are accurate but it avoids the conclusion drawn from these facts by pointing out that the facts are insufficient to constitute a cause of action. Acting as a screening device, the demurrer .eliminates those cases at the pleading stage which do not warrant a trial. This is true whether the petition is attempting to state a cause of action at law or in equity, *Kimmell v. Powers,* 19 Okl. 339, 91 P. 687 (1907), or whether the petition is alleging different or alternate rights of recovery. *Caldwell v. Indian Territory Illuminating Oil Co.,* 187 Okl. 523, 104 P.2d 237 (1940).

The Court, when confronted with a demurrer, has the duty to liberally construe the challenged petition and to take as true all the factual allegations and the reasonable inferences drawn therefrom. If the Court finds any fact stated in the petition which entitles the plaintiff to any relief, the Court must overrule the demurrer. *Rotramel v. Public Service Co.,* 546 P.2d 1015, 1919 [sic] (Okl.1975); *Johnson v. Steward,* 397 P.2d 907 (Okl. 1965). The Court will not assume facts in favor of the petitioner which have not been averred, "since the law does not presume that a party's pleadings are less strong than the facts of the case warrant." *Westheimer v. Byrne,* 110 Okl. 107, 109, 236 P. 589, 591 (1925).

Thus, in reviewing the trial court's order, we must determine whether appellant's pleading stated any facts which would entitle it to relief.

### II.

■■■ Appellants first three propositions of error argue that the trial court erred in sustaining demurrers to the second, third and fourth pled causes of action for the reason that the second amended petition set forth facts sufficient to establish libel per se. The question of whether a writing is libelous per se is a question of law for determination by the Court.[2] The writings which appellant alleges were libelous per se simply stated that appellant

---

1. 638 P.2d 1109, 1112 (Okla.1981).

2. *Winters v. Morgan,* 576 P.2d 1152, 1154 (Okla. 1978).

owed money to the Trust Authority under their lease. It is apparent from the language of the writing presented as the basis for appellant's second cause of action that the dispute over the sum concerned a difference of opinion over the lease provisions.[3] The writings which form the subsequent basis for the third and fourth causes of action also concern the disputed debt. The publication of a writing which merely alleges the existence of a debt does not constitute libel unless it impeaches one's skill or knowledge or attacks one's conduct of business.[4]

■ Appellant argues that the mere publication of the statement that a debt is due and owing attacks its skill and conduct of business. This construction violates the basic rule that the words published must be taken in their most natural sense.[5] Also, in order to constitute libel per se the words must be capable of being construed to have only one meaning, and that one opprobrious.[6] Here the natural sense of these publications establishes that the Trust Authority considered a debt to be due from appellant but that a dispute existed as to the debt. Thus the publications may not be considered libelous per se, as the mere indication of a disputed debt is not libelous.[7]

■ In its reply brief, appellant argues that if the writings are found not to be libelous per se then a fact question exists as to whether they are libelous per quod. In this regard, appellant's failure to plead special damages established a fatal flaw in his pleadings. An allegation of special damages is essential to state a cause of

action where the publication is not libelous per se.[8]

■ As a matter of law, the publications pled in appellant's second, third and fourth causes of action do not constitute libel per se. As the second amended petition did not set forth facts establishing libel per se and did not plead special damages, the trial court did not err in sustaining the demurrers of the various defendants and in dismissing the actions based on the alleged libelous publications.

### III.

Appellant's fifth cause of action alleges that the various named defendants violated appellant's constitutional rights to due process and equal protection of the law. The specific instances which were pled by appellant were: that the defendants had provided adequate parking facilities to other lessees while not providing adequate parking for appellant; that other lessees were paying less for their leases than appellant; that the commercial activities of other lessees had been promoted to the exclusion of appellant; that some of appellant's game machines had been audited by the Trust while those of other lessees had not been; that restroom facilities had been provided for other lessees but not for appellant; and that the Trust had attempted to approve a contract with a third party without requesting public bidding.

■ Though it is nowhere mentioned in its pleadings, it is made clear in appellant's brief that appellant was attempting to state a cause of action under 42 U.S.C. § 1983.[9] A cause of action may be stated

---

3. See *Tulsa Tribune Co. v. Kight,* 174 Okla. 359, 50 P.2d 350 (1935) (whether or not article is libelous depends upon scope, spirit and motive of publication taken in its entirety).

4. *Haynes v. Alverno Heights Hospital,* 515 P.2d 568 (Okla.1973).

5. *Lindley v. Delman,* 166 Okla. 165, 26 P.2d 751 (1933).

6. *Id.*

7. See *Dombrowski v. Shore Galleries, Inc.,* 59 Ill.App.3d 237, 17 Ill.Dec. 152, 376 N.E.2d 45 (1978).

8. *Edwards v. Crane,* 292 P.2d 1034 (Okla.1956).

9. 42 U.S.C. § 1983 provides that:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress

under section 1983 by alleging facts establishing a violation of rights possessed under the Federal Constitution or under federal statutes.[10] However, the deprivation of those rights must be the result of actions taken by a person under color of state law, custom or usage. Here appellant has not alleged any violation of rights established under federal law but has only alleged the violation of Federal Constitutional rights of due process and equal protection. Appellant has totally failed to allege under color of what state law, custom or usage the Trust Authority or any of the other named defendants were acting in allegedly depriving it of these rights. Appellant's assertion that the Trust Authority exists by virtue of state law is not sufficient to establish that any action taken by the various named defendants was taken under color of law.

▉ The cases cited by appellant in support of its proposition clearly demonstrate the requirement that a deprivation of *federal* rights under color of *local* law is necessary to state a cause of action under section 1983.[11] These federal rights may arise from entitlements granted under federal legislation and administered by local authority,[12] or may arise from the Constitution.[13] In any case, there must be a nexus between the deprivation of federal rights and the actions of persons acting under color of local law.

▉ Appellant cites *Board of Regents of State Colleges v. Roth,*[14] for the

proposition that a contract may provide a claim of entitlement to procedural due process. Appellant then goes on to apparently claim that failure by appellee Trust Authority to follow a provision of the lease agreement resulted in a violation of its rights of due process of law. This argument must fail. The application of due process principles to contract rights requires that a property interest legitimately held under a contract, or in this case, lease agreement, may not be interfered with or without due process of law. Failure to abide by the provisions of the lease agreement gives rise to a cause of action for breach of that agreement, not to a cause of action for deprivation of property rights. Appellant's right to due process in this instance is its right to bring suit on the breach of the agreement.

▉ The equal protection arguments presented by appellant also lack substance. They are apparently based on the contention that the Trust Authority granted better contract terms to other lessees. Appellant does not contend that the difference in treatment was based on considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure appellant.[15] Instead, in its pleadings, appellant only alleges that the acts of the Trust Authority were grossly negligent in regard to appellant's rights. We must take this to mean that appellant contends that the Trust Authority, in order to insure appellant's rights to equal protection must give equal contract terms to all with whom

applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**10.** See *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

**11.** E.g. *Sterling v. Village of Maywood,* 579 F.2d 1350 (7th Cir.1978) (municipality's policy regarding reinstatement of water service not rationally related to any governmental interest and thus violated equal protection of property rights provided under local ordinance); *Beaver v. Borough of Johnsonburg,* 375 F.Supp. 326 (W.D.Pa.1974) (failure to enforce local law resulted in property being taken without compensation); *Lopez v. Jackson County Board of Supervisors,* 375 F.Supp. 1194 (S.D.Miss.1974) (actions of county board discriminated between

resident and non-resident lessees on basis of residency).

**12.** *Bunch v. Barnett,* 376 F.Supp. 23 (D.S.D. 1974) (federal disaster funds).

**13.** *LeClair v. Saunders,* 627 F.2d 606 (2nd Cir. 1980) (alleged selective enforcement of local law).

**14.** 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

**15.** *LeClair v. Saunders,* 627 F.2d at 609 (liability in an equal protection case would depend on proof of the presence of one of these factors).

it deals. No law requiring such a result has been brought to our attention, nor any such law have we been able to find.

On the contrary, it appears firmly settled that government has the power to engage in the exchange of commercial benefits underlying those of commercial contracts.[16] Thus, if a government entity strikes an agreement which is more advantageous to its position than a later agreement struck with a third party, there is no more question of equal protection than in such a situation in the private sector.[17]

Appellant, in the course of its pleadings, also alleges that the Trust Authority let a contract to a third party without benefit of public bidding. This also fails to state a deprivation of either due process or equal protection rights, which would be actionable under section 1983.[18] Appellant, in its brief, alleges that the supposed grounds for its 1983 action also included violations of state laws. These were not pled in its various petitions and so were not considered for purposes of ruling on the demurrer. However, even if they had been pled, it is well-settled that a violation of state law does not in and of itself establish a constitutional violation, which would be required to state a cause of action under section 1983.[19]

It is apparent that the facts alleged in appellant's pleadings were totally insufficient to establish a deprivation of any rights under federal statutory or constitutional law. Appellant thus failed to state a cause of action under 42 U.S.C. § 1983.

As appellant failed to plead facts establishing a violation of the due process and equal protection provisions of the Federal Constitution, it has also failed to establish a violation of the due process and equal protection provisions of the Oklahoma Constitution.[20]

The trial court properly sustained the demurrers and dismissed appellant's fifth pled cause of action.

SIMMS, C.J., and HODGES, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.

DOOLIN, V.C.J., dissents.

---

16. See *Honolulu Rapid Transit Co. v. Dolim,* 459 F.2d 551 (9th Cir.1972), cert. den. 409 U.S. 875, 93 S.Ct. 124, 34 L.Ed.2d 128.

17. See *American Yearbook Co. v. Askew,* 339 F.Supp. 719 (M.D.Fla.1972) aff. 409 U.S. 904, 93 S.Ct. 230, 34 L.Ed.2d 168 (when state exercises business power it is subject to no more limitation than a private individual with regard to equal protection argument); See also *Coyne-Delany Co., Inc. v. Capital Development Board,* 616 F.2d 341 (7th Cir.1980) (no equal protection argument from state's decision to deal with competitor).

18. See *Estey Corp. v. Matzke,* 431 F.Supp. 468 (N.D.Ill.1976).

19. *Molgaard v. Town of Caledonia,* 527 F.Supp. 1073, 1082 (E.D.Wis.1981).

20. Art. II, § 7.