Dear Mr. Allen,
The Attorney General has received your request for an official opinion asking, in effect:
 Which, if any, of the members of the Board of Regents of Oklahoma Colleges, are required to file a financial disclosure statement pursuant to the Financial Disclosure Act, H.B. 1510, Oklahoma Session Law Service 1985, Chapter 44, pages 251-254, to be codified as 26 O.S. 19-101 et seq. (1985)?
The pertinent part of the Financial Disclosure Act, to the question presented, is found in H.B. 1510, 3(D), Oklahoma Session Law Service 1985, Chapter 44, page 152, to be codified as 26 O.S. 19-103(D) (1985), which reads:
 "The chief administrative officer and the first assistant administrative officer of any state agency, board or commission who make the policy decisions necessary to implement the duties imposed on the entity by law and any state employee who is responsible for taking or recommending official action of a non-ministerial nature with regard to contracting or procurement shall file a Financial Disclosure Statement with the State Election Board upon initial employment and not later than April 30 of each even-numbered year thereafter."
Under familiar rules of statutory construction, we may infer from the enumeration of administrative officers that the other "state employees who are subject to the statute" are likewise administrative and not quasi-legislative officers. See White v. Wint, 638 P.2d 1109, 1114
(Okla. 1981) (a general term is not ordinarily to be given a broader meaning than that manifested in the specific terms preceding it).
The language of Article XIII-B, Section 2 of the Oklahoma Constitution quoted here in pertinent part, supports this analysis.
 "[T]he power to make rules and regulations governing each of said institutions shall hereafter be exercised by and is hereby vested in the Board of Regents of Oklahoma Colleges created by this Act, and said Board shall appoint or hire all necessary officers, supervisors, instructors, and employees for such institutions." (Emphasis added).
The clause emphasized supports a conceptual distinction between part-time, essentially unpaid appointed Board members and hired employees. The conclusion that flows from this dichotomy between the volunteer Board and its hired staff is that the Board members are not "state employees" within the meaning of 26 O.S. 19-103(D) (1985).
Likewise, with respect to officials with quasi-legislative responsibilities (members of the Board of Regents), the law subjects only those who are elected to its disclosure requirements. 26 O.S. 19-103(A) (1985). From the specific inclusion of elected officials we may infer the Legislature's intent to exclude appointive board members. See St.Louis-San Francisco Ry. Co. v. McIntosh, 229 P. 1064, 1067 (Okla. 1924) (the mention of one thing in a statute implies the exclusion of another thing).
It is, therefore, the official opinion of the Attorney General thatnone of the members of the Board of Regents of Oklahoma Colleges isrequired to file a Financial Disclosure Statement pursuant to theFinancial Disclosure Act, H.B. 1510, Oklahoma Session Law Service 1985,Chapter 44, pages 251-254, to be codified as 26 O.S. 19-101 et seq.(1985). Provided that the chief administrative officer, the firstassistant administrative officer, and any other employee of the Board whois responsible for taking or recommending official action of anon-ministerial nature with regard to contracting or procurement, arerequired to file a Financial Disclosure Statement under the Act. Thespecific identity of those employees of the Board who must file is a factquestion beyond the scope of this Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN O. WALTON, ASSISTANT ATTORNEY GENERAL