Dear President Taylor,
¶ 0 This office has received your request for an opinion asking, in effect, the following questions:
 1. Under the statutory strong-mayor-council form of city government, does the mayor have the power to appoint and remove a city attorney without consent of the city council?
 2. Is the city attorney a classified employee entitled to the procedural due process set forth in 11 O.S. 1991, § 11-125[11-11-125]?
¶ 1 The law governing cities and towns is set forth in the Oklahoma Municipal Code, 11 O.S. 1991 and Supp. 1995, §§ 1-101et seq. That Code provides for various forms of city government, including strong-mayor-council about which you ask.
 I. POWER OF THE MAYOR IN THE STRONG-MAYOR-COUNCIL FORM OF CITY GOVERNMENT
¶ 2 The strong-mayor-council form of city government is provided by 11 O.S. 1991, § 11-101[11-11-101] through § 11-125. Under this form of city government, the mayor is the chief executive officer and head of the administrative branch of government. Among other duties, the statute provides:
He shall:
 1. Appoint, and when necessary for the good of the service, remove, demote, lay off, or suspend all heads or directors of administrative departments
and all other administrative officers and employees of the city in the manner provided by law.
11 O.S. 1991, § 11-106[11-11-106] (emphasis added).
¶ 3 The strong-mayor-council statutes specifically provide for certain departments:
 In a statutory strong-mayor-council city, there shall be a police department, a fire department, a department of law headed by a city attorney, and such other administrative departments, offices and agencies as the council may establish.
11 O.S. 1991, § 11-117[11-11-117] (emphasis added).
¶ 4 In the construction of statutes, "shall" is usually given its common meaning of "must." It is interpreted as implying a command or mandate. Sneed v. Sneed, 585 P.2d 1363, 1364 (Okla. 1978). Under Section 11-106, then, it is clear that the mayor must be the one to appoint or remove, as well as lay off, demote, or suspend, the head of an administrative department.
¶ 5 Section 11-117 establishes certain administrative departments. It lists police, fire, law and "such other administrative departments . . . as the council may establish." There is a specific enumeration — police department, fire department, department of law — followed by a general reference supplementing the enumeration with "other administrative departments." Under the doctrine of ejusdem generis, we can conclude that the Legislature created a class of specifically enumerated and generally referenced administrative departments which includes a law department. See White v. Wint,638 P.2d 1109, 1113-1114 (Okla. 1982).
¶ 6 The city attorney, as head of the law department, comes within the category of persons in Section 11-106(1) subject to appointment, removal, demotion, lay off, or suspension by the mayor acting in the capacity of chief executive officer. There is no statutory requirement for approval by the city council.[1]
¶ 7 The council's functions are legislative in nature. 11 O.S.1991, § 11-108[11-11-108]. In the strong-mayor-council form of city government, it is the mayor, as the chief executive officer, who administers the government of the city. This includes the ability, as discussed above, to hire and fire the city attorney.
 II. CLASSIFIED EMPLOYEES
¶ 8 The strong-mayor-council form of government at 11 O.S.1991, § 11-121[11-11-121], requires a classified and unclassified service:
 All officers and employees of a statutory strong-mayor-council city shall be divided into the classified and the unclassified service. The unclassified service shall consist of:
 1. The mayor and councilmembers, one secretary of the mayor, if any, the municipal judge, and one clerk or secretary of the municipal court, if any;
 2. All personnel appointed, elected or confirmed by the council;
 3. Members and secretaries of boards, commissions and other plural authorities;
4. All personnel who serve without compensation; and
 5. Persons appointed or employed on a temporary basis to make or conduct a special audit, inquiry, investigation, study, examination or installation, or to perform a temporary professional or technical service, subject to exclusions, limitations and regulations as may be prescribed by ordinance or personnel rules.
All other officers and employees shall be in the classified service.
11 O.S. 1991, § 11-121[11-11-121].
¶ 9 There are certain procedural steps to be followed when a classified employee who has completed a six-month probationary period is laid off, suspended without pay, demoted or removed.11 O.S. 1991, § 11-125[11-11-125]. However, in the scenario in which the city attorney is the head of the law department, receiving compensation, not employed on a temporary basis, and appointed by the mayor without approval of the council, he or she does not meet the criteria of unclassified service and is a classified employee.
¶ 10 Whether any particular city attorney meets the definition of classified employee and is entitled to those steps is a question of fact which cannot be determined by this office. 74O.S.Supp. 1995, § 18b[74-18b](A)(5).
 III. CONCLUSION
¶ 11 The strong-mayor-council form of government vests a great deal of authority in the mayor. The statutes provide that the mayor is the chief executive officer and head of the administrative branch of the city government. As such, he shall "[s]upervise and control, directly or indirectly, all administrative departments, agencies, officers and employees[.]"11 O.S. 1991, § 11-106[11-11-106](2).
¶ 12 Counterbalancing that power over employees is the system of classified service, which provides procedural due process for classified employees against whom adverse personnel action is taken.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the statutory strong-mayor-council form of city government provided in 11 O.S. 1991, § 11-101[11-11-101] through § 11-125, the mayor has the statutory authority to appoint or remove the city attorney without approval of the city council, pursuant to 11 O.S. 1991, § 11-106[11-11-106] and § 11-117.
 2. This opinion is based only on applicable statutes, and cannot address the effect of city charters or ordinances which might provide otherwise.
 3. A city attorney acting as head of the law department as provided in 11 O.S. 1991, § 11-117, appointed by the mayor without confirmation by the council, receiving compensation, and not employed on a temporary basis, is a classified employee pursuant to 11 O.S. 1991, § 11-121[11-11-121]. As such, if that attorney has completed a probationary period of six months, he or she is entitled to the procedures of 11 O.S. 1991, § 11-125[11-11-125] if laid off, suspended without pay, demoted or removed. Whether any particular city attorney is a classified employee is a question of fact which cannot be answered by this opinion. 74 O.S.Supp. 1995, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] This opinion deals only with the applicable statutes. Whether the municipal charter or ordinances of a particular city might effect a different result would require an examination of that city's specific provisions in light of the statutes.