Dear District Attorney Sperry:
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May a county sheriff receive a monthly travel allowance pursuant to 19 O.S. 165 (1998) and during the same period use a vehicle provided to the sheriff pursuant to 1999 Okla. Sess. Laws ch. 24, 2 (to be codified as 19 O.S. 180.43 (1999))?
 2. Is it lawful for a county sheriff, in an emergency situation or as circumstances may otherwise dictate, or a county commissioner, at a time of need, to use a county vehicle either as a driver or as a passenger, if that county official is receiving a monthly travel allowance?
 3. Under what circumstances, if any, may a sheriff or other county official ride as a passenger in a county vehicle, such as a law enforcement unit or pickup truck or other road/highway equipment and still receive Section 165 travel allowance?
 4. Is Section 19 O.S. 165 allowance a pay raise in the guise of a travel allowance?
 5. Is a sheriff who uses a privately owned vehicle and receives Section 165 travel allowance required to use personal funds to equip the vehicle with all emergency gear (lights etc.) to enable the sheriff to respond to emergency calls and make traffic stops?
 6. If a sheriff uses a privately owned vehicle and receives 19 O.S. 165 travel allowance, does the sheriff or the county provide insurance for the vehicle?
¶ 1 As described in more detail in the following paragraphs, county sheriffs and county commissioners who use private automobiles for business-related driving within the county may either be reimbursed under the State Travel Reimbursement Act on a mileage basis or be paid a monthly flat fee travel allowance. See 19 O.S. 164 (1991) and 19 O.S. 165 (1998). In lieu of using their private vehicles and receiving either the mileage reimbursement or the travel allowance, sheriffs and county commissioners may be provided the use of a county-owned vehicle. See 19 O.S. 180.43(C) (1999). Your questions address the interplay between these three alternatives and their application in certain fact situations, as well as specific issues dealing with the sheriffs use of a private automobile for official duties.
 I. Statutory Overview
¶ 2 Each county officer or his deputy is "entitled to reimbursement for all traveling expenses incurred in the performance of official duties." 19 O.S. 163 (1991). "County officer" is defined as "the county clerk, county commissioner, county assessor, district court clerk, county treasurer and county sheriff[.]" 1999 Okla. Sess. Laws ch. 117, sec 1 (to be codified as 19 O.S. 161 (1999)). "When transportation involves the use of the private automobile of a county officer," the officer is entitled to claim reimbursement for such use "at the rate provided for in the State Travel Reimbursement Act for state officers and employees." 19 O.S. 164 (1991). The State Travel Reimbursement Act provides that reimbursement for "authorized use of privately owned motor vehicles shall be made using the amount prescribed by the Internal Revenue Code . . . for use in determining the standard mileage rate allowed for a business expense deduction." 74 O.S. 500.4(C) (1998). As an alternative to the standard mileage rate, Section 165 offers county officers the option of a monthly travel allowance as follows:
 A. In lieu of reimbursement for traveling expenses within their county each county commissioner and sheriff may receive a monthly travel allowance of Three Hundred Fifty Dollars ($350.00).
 B. The provisions of this section and Sections 163 and 164 of this title shall not prevent the emergency use of a county owned vehicle or county-owned equipment by a county officer when such county officer is acting on behalf of the county or when such use is related to county business. As used in this subsection," emergency means an unforeseen combination of circumstances or the resulting state that calls for immediate action.
19 O.S. 165 (1998) (emphasis added).
¶ 3 The Section 165 monthly travel allowance for county commissioners and county sheriffs is for traveling expenses "within their County". Theses Officials may receive the monthly travel allowance and, in addition, may be reimbursed on a mileage basis for any required travel outside the county. See A.G. Opin. 83-229.[1] This interpretation nows from Section 163's mandate that county officials are "entitled to reimbursement for all traveling expenses incurred in the performance of official duties" and Section 165's clear statement that the monthly travel allowance is strictly "[i]n lieu of reimbursement for traveling expenses within their county. . . ." The county official may make the election between reimbursement and allowance on a month-by-month basis. See A.G. Opin. 80-306, which is based on the lack of any provision establishing when the election is to be made and on the "monthly" feature of both the travel allowance and the required mileage reports to the county commissioners pursuant to 19 O.S. 541 (1991).
¶ 4 In addition to the reimbursement and allowance options offered all county officers, Section 19 O.S. 180.43(C) provides a third alternative exclusively for county commissioners and county sheriffs: the use of a county-purchased automobile, as follows:
 In lieu of the travel reimbursement or monthly travel allowance provided for by law, the board of county commissioners may purchase and provide for the operation, maintenance, insurance, equipping, and repair of an automobile for each county commissioner to be used in performing the duties of his office. In lieu of the travel reimbursement or monthly travel allowance provided for by law, the board of county commissioners, with the concurrence of the county sheriff, may purchase and provide for the operation, maintenance insurance, equipping, and repair of automobiles for the use of the sheriff in performing the duties of his office. . . . The use of any said automobile for private or personal purposes is hereby prohibited. . . . Any person violating the provisions of this subsection, upon conviction, shall be guilty of a misdemeanor . . . and in addition thereto shall be discharged from county employment.
19 O.S. 180.43(C) (1999) (emphasis added).[2]
 II. Travel Allowance and County Vehicle Use
¶ 5 Both the monthly travel allowances of Section 165 and the use of a county-owned vehicle under Section 19 O.S. 180.43(C) are "in lieu of" receiving a mileage reimbursement under Section 164. The use of a county-owned vehicle is also "in lieu of" the Section 165 monthly travel allowance. In the absence of contrary intention, words used in any statute are to be understood in their ordinary sense. See 25 O.S. 1 (1991). In lieu of means in the place of; instead of. Webster's Third New International Dictionary 1306 (3d ed. 1993). Statutes must be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. See AMF Tubescope Co. v. Hatchel,547 P.2d 374, 379 (Okla. 1976). The "in lieu" provisions of these three statutes are obviously designed to prevent double recovery of travel expenses. For example, a county official driving a personal vehicle for official business purposes cannot receive both a mileage reimbursement and a monthly travel allowance for the same expenses, nor could a sheriff or county commissioner receive either mileage for miles driven in a county vehicle or a monthly travel allowance for a month in which the official drives a county vehicle for business purposes. By the express language of Section 19 O.S. 180.43(C), the automobile provided to a sheriff pursuant to Section 19 O.S. 180.43(C) is "in lieu of" receiving either the travel reimbursement of Section 164 or the monthly travel allowance of Section 165. A sheriff who has been provided a vehicle for use in performing official duties may not receive a travel allowance pursuant to Section 165.
¶ 6 Although the statutes are easily applied in cases where the county official has been provided a vehicle for his or her exclusive use, the problem described in your letter is one involving counties with modest revenues where the sheriff may have to share a vehicle with deputies. In such cases, the sheriff may be using a personal vehicle for official business and also on occasion may use a county vehicle, either in response to an emergency or to ride along with a deputy or as circumstances may otherwise dictate. The issue of a sheriff or county commissioner riding as a passenger in a county-owned vehicle is discussed in the following section. The present discussion is limited to situations where the official is the driver of the vehicle.
¶ 7 A county sheriff or county commissioner who is receiving a monthly travel allowance may use a county-owned vehicle only under the circumstances set forth in Section 165. To find otherwise would result in double recovery of travel expenses because the travel allowance is for reimbursement of all business-related travel within the county during a given month and the use of a county vehicle in the same month would give the official overlapping travel allowances — a situation the statute is designed to prevent.
¶ 8 Section 165 was amended in 1998 to specify that receipt of a travel allowance under Section 165 does not preclude the "emergency use of a county-owned vehicle or county-owned equipment by a county officer when such county officer is acting on behalf of the county or when such use is related to county business." 19 O.S. 165(B) (1998). Under this section, either a county sheriff or county commissioner may use a county-owned vehicle in an emergency situation even if the official receives a monthly travel allowance. "Emergency" is defined as "an unforeseen combination of circumstances or the resulting state that calls for immediate action." 19 O.S. 165(B) (1998). A county official who receives a monthly travel allowance may not drive a county-owned vehicle within the county under any circumstances other than an emergency situation. What specific events might constitute an "emergency" within the statutory definition is a question of fact that cannot be answered in an Attorney General's Opinion. See 1999 Okla. Sess. laws ch. 344, sec 4 (to be codified as 74 O.S. 18b(A)(5) (1999).
 III. Mileage Reimbursement and County Vehicle Use
¶ 9 Although sheriffs and county commissioners may not use county-owned vehicles within the county in a non emergency situation during any month in which they receive a monthly travel allowance, they are not foreclosed from being reimbursed on a mileage basis for miles driven on official business in their own vehicles during the same month that they may have driven a county vehicle on official business. In construing a statute's language, relevant portions must be considered together, where possible, to give force and effect to each other. See Hill v. Board ofEduc., 944 P.2d 930, 932 (Okla. 1997). The alternative provisions of Sections 164, 165, and 180.43(C) must be interpreted in light of Section 163, which provides that all business related travel expenses will be reimbursed.
¶ 10 The "in lieu" language of the statutes is designed to prevent double recovery. Legislative intent is determined from the language of the statute in light of its general purpose. SeeSharp v. Tulsa County Election Bd., 890 P.2d 836, 840 (Okla. 1994). In the case of a sheriff who must share a county vehicle with deputies and, of necessity, drive his own car at times when a county vehicle is not available, the "in lieu" provisions have not been violated if the sheriff claims mileage reimbursement for the miles driven in the personal vehicle. In this case mileage reimbursement is distinguishable from the monthly travel allowance because payment is made on a per mile basis, rather than on a lump sum monthly basis. There is no possibility of double recovery of travel expenses when a sheriff uses a county vehicle in a given month and also files a claim for mileage reimbursement for miles driven on official business using a personal vehicle. This interpretation is consistent with the "in lieu" provisions of Section 19 O.S. 180.43(C) and the mandate of Section 163 requiring reimbursement of all travel expenses incurred in the performance of official duties.
 IV. Use of County Vehicle as a Passenger
¶ 11 Another issue relating to the monthly allowance is whether a sheriff or county commissioner may ride in a county vehicle, such as a law enforcement unit or pickup truck or other road/highway equipment, and still receive the Section 165 allowance. One example given in your correspondence is a sheriff riding along with a deputy. Riding as a passenger in a county-owned vehicle is distinguishable from driving such vehicle in that the passenger is not normally incurring any additional travel expenses, such as mileage. which would require reimbursement.
¶ 12 The automobile provided by Section 180.43(C) is in lieu of the County paying either mileage reimbursement or the travel allowance to the driver of a personal vehicle. As the automobile is provided to the driver, passenger of the vehicle who receives a travel allowance would not violate the "in Lieu" provisions of 19 O.S. 180.43(C) by riding in the vehicle except under the following circumstance. The receipt of the Section 165 allowance would not preclude an official from riding as a passenger in a county-owned vehicle unless the purpose of the travel is solely to transport the official for a business-related purpose. In other words, a sheriff or county commissioner receiving a monthly travel allowance could not use a county vehicle with a county employee as a chauffeur as a way of circumventing the "in lieu" provisions of the travel expense statutes. In order for an official receiving a monthly travel allowance to ride as a passenger in a county-owned vehicle, the driver of the vehicle must have a business-related reason for the travel independent of the county official.
 V. Pay Raise
¶ 13 This Office has previously held that fixed monthly travel allowances in lieu of reimbursement for actual travel expenses, authorized pursuant to Section 165, do not constitute part of a county officer's salary. See A.G. Opin. 87-117. The salaries of county officers are set pursuant to 19 O.S. 180.58-19 O.S. 180.70 (1991-1998). The Section 165 allowance is a payment in lieu of reimbursement for traveling expenses within the county. "Traveling expenses" are defined as "reimbursement for mileage, meals, lodging, toll road fees, parking fees, telephone and other ordinary expenses incurred, except meals and lodging incurred within the county. . . ." 19 O.S. 161 (1999). As the allowance is for reimbursing the official for travel expenses incurred in performing official duties, rather than a payment for services, the allowance is not part of the officer's salary and does not constitute a pay raise.
 VI. Equipping Personal Vehicles
¶ 14 You also ask whether a sheriff who receives the Section 165 allowance must equip his or her vehicle with all emergency equipment necessary to respond to emergency calls and make traffic stops The Legislature recently amended Section 19 O.S. 180.43(D) to make it "unlawful for any county sheriff, deputy sheriff or reserve deputy sheriff to use any vehicle which is not clearly marked as a law enforcement vehicle for routine traffic enforcement as provided in Section 47 O.S. 12-218 of Title 47 of the Oklahoma Statutes." 1999 Okla. Sess. Laws ch. 24, 2 (to be codified at 19 O.S. Supp. 1999, 180.43). Section 12-218 of Title 47 requires unmarked vehicles used as law enforcement vehicles for routine traffic enforcement to be equipped with certain combinations of lights as set forth in the statute.[3]See 1999 Okla. Sess. Laws ch. 24, 3 (to be codified as 47 O.S. 12-218 (1999)) and 1999 Okla. Sess. Laws ch. 189, sec 2 (to be codified as 47 O.S. 12-218 (1999)).
¶ 15 Therefore, a sheriff using a personal vehicle for "routine traffic enforcement" must have the vehicle equipped as specified in 47 O.S. 12-218. However, the sheriff is not required to use personal funds to equip the vehicle.
¶ 16 There is no statutory requirement that a sheriff receiving a Section 165 travel allowance must equip his privately-owned vehicle with special law enforcement equipment. The Section 165 allowance is in lieu of "traveling expenses," which are defined as "mileage, meals, lodging, toll road fees, parking fees, telephone and other ordinary expenses. . . ." 19 O.S. 161(3) (1999). The equipment necessary to respond to emergency calls and make traffic stops does not fall into any of the named categories, nor does it constitute an "ordinary expense." Under the rule of ejusdem generis when a statute contains a list of specific words constituting a class that ends with a general designation, such as "and other ordinary expenses," the general designation must be interpreted as being within the same class as the specifically listed items. See White v. Wint,638 P.2d 1109, 1113-14 (Okla. 1981). "Other ordinary expenses" must be interpreted as other expenses similar to mileage, meals, lodging, etc. Equipment necessary to enable a sheriff to respond to emergencies and make traffic stops does not fall within the definition of "traveling expenses" set forth in Section 161. Therefore, the travel allowance does not cover the cost of equipping a personal vehicle for traffic stops and emergencies. Such equipment may be purchased from county funds appropriated to the sheriff's office. See 19 O.S. 162 (1998). A sheriff who uses a personal vehicle and receives the Section 165 allowance is not required to use personal funds to equip the vehicle with all equipment necessary to make traffic stops and emergency calls.
 VII. Insuring Personal Vehicles
¶ 17 On the other hand, a sheriff who uses a privately owned vehicle for job-related travel within the county and receives the Section 165 allowance must provide insurance for the vehicle. Liability insurance is required by law on all motor vehicles owned and operated in this State.[4] Unlike the equipment discussed in the previous section, the cost of a private vehicle's insurance is included within the monthly travel allowance.
¶ 18 The Section 165 allowance is "[i]n lieu of reimbursement for traveling expenses within their county" pursuant to the State Travel Reimbursement Act,[5] as authorized by Section 164. "Traveling expenses" include "mileage". See 19 O.S. 161 (1999). The State Travel Reimbursement Act provides for reimbursement for official use of privately owned motor vehicles in the amount of the standard mileage rate for business expense deductions prescribed by the Internal Revenue Service. See 74 O.S. 500.4(C) (1998). The standard mileage rate is in lieu of deducting actual automobile expenses, including depreciation, maintenance and repairs, tires, gasoline, oil, insurance, and vehicle registration fees. See Rev. Proc. 98-63, 1998-52 I.R.B. 25. The Section 165 allowance covers all automobile expenses encompassed within the standard mileage rate, including the vehicle's insurance. A sheriff who uses a privately owned vehicle for official business and receives the Section 165 allowance must provide insurance for the vehicle.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A sheriff who has been provided a vehicle for official use pursuant to 1999 Okla. Sess. Laws ch. 24, 2 (to be codified as 19 O.S. 180.43(C) (1998)) may not receive a monthly travel allowance pursuant to 19 O.S. 165 (1998).
 2. a. A county sheriff or a county commissioner who receives a monthly travel allowance pursuant to Section 165 may drive a county vehicle within the county only in an emergency situation.
 b. A county sheriff or county commissioner may be reimbursed on a mileage basis for miles driven on official business using a private vehicle and may, at other times, drive a county-owned vehicle without violating the "in lieu" provisions of Section 180.43(C).
 3. A sheriff or other county official may ride as a passenger in a county vehicle, such as a law enforcement unit or pickup truck or other road/highway equipment, on official business and still receive the Section 165 allowance if the driver of the vehicle has a business-related reason for the travel independent of transporting the county official.
 4. The Section 165 travel allowance is not part of the salary of the county official receiving the allowance, but rather is a reimbursement for business-related travel expenses and thus is not a disguised pay raise.
 5. A sheriff who uses a privately owned vehicle for official business and receives the Section 165 travel allowance is not required to use personal funds to equip the vehicle with all emergency gear, such as flashing lights, to enable the sheriff to respond to emergency calls and make traffic stops. Special equipment does not fall into the categories of travel expenses covered by the allowance. Such equipment, which is required for routine traffic enforcement, may be purchased from funds provided by the county for supplies and equipment for the sheriffs office.
 6. If a sheriff uses a privately owned vehicle for official business and receives the Section 165 allowance, the sheriff, rather than the county, is required to provide insurance for the vehicle. As the travel allowance is an alternative to the standard mileage rate, the same cost factors included in the standard mileage rate, including insurance, are covered by the travel allowance.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] The travel allowance for county officers, other than sheriffs and county commissioners, includes travel expenses incurred both within and outside the county. See 19 O.S. 165 (1998). In addition to the monthly travel allowance provided by Section 165, all county officers may be reimbursed for travel expenses to attend meetings, schools, institutes or conferences either within or outside the state. See 19 O.S. 166 (1991).
[2] Section 19 O.S. 180.43(C) offers an additional alternative exclusively for counties having a population of at least 350,000 under which the sheriff may establish a monthly automobile allowance of not more than Four Hundred ($400.00) per month in lieu of the mileage per mile for in-county driving as authorized in this section.
[3] The lights required include:
 1. Three flashing red, blue, or a combination of red and blue lights emitting the flashing lights to the front of the vehicle;
 2. Two flashing white lights emitting the flashing white lights to the Front of the vehicle;
 3. Flashing red, blue, white or any combination of red, blue or white lights placed at and emitting the flashing lights from the four comers of the vehicle so that they are visible for three hundred sixty (360) degrees; and
 4. One flashing red, blue, yellow, or any combination of red blue, or yellow lights emitting the flashing light to the rear of the vehicle.
47 O.S. 12-218(c) (1999)
[4] See 47 O.S. 7-600-47 O.S. 7-610, except the following:
 1999 Okla. Sess. Laws ch. 232, 4 (to be codified as 47 O.S. 7-602 (1999))
 1999 Okla. Sess. Laws ch. 119, 2 (to be codified as 47 O.S. 7-605 (1999))
 1999 Okla. Sess. Laws ch. 119, 3 (to be codified as 47 O.S. 7-609 (1999))
[5] 74 O.S. 500.1-500.37, except the following:
 1999 Okla. Sess. Laws ch. 1, 33 (to be codified as 74 O.S. 500.2 (1999))
 1999 Okla. Sess. Laws ch. 121, I (to be codified as 74 O.S. 500.2 (1999))
 1999 Okla. Sess. Laws ch. 289, 15 (to be codified as 74 O.S. 500.2 (1999))
 1999 Okla. Sess. Laws ch. 172, 3 (to be codified as 74 O.S. 500.7 (1999))
 1999 Okla. Sess. Laws ch. 164, 38 (to be codified as 74 O.S. 500.10)
 1999 Okla. Sess. Laws ch. 164, 39 (to be codified as 74 O.S. 500.13 (1999))
 1999 Okla. Sess. Laws ch. 1, 34 (to be codified as 74 O.S. 500.18 (1999))
 1999 Okla. Sess. Laws ch. 387, 1 (to be codified as 74 O.S. 500.18 (1999))
 1999 Okla. Sess. Laws ch. 135, 1 (to bc codified as 74 O.S. 500.37 (1999))